Jessie LAVENDER, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 79–3026.

United States Court of Appeals, Sixth Circuit.

June 29, 1982.

Esther S. Weissman, Cleveland, Ohio, for plaintiff-appellant.

James R. Williams, U. S. Atty., Carolyn A. Watts Allen, Asst. U. S. Atty., Cleveland, Ohio, for defendant-appellee.

Before ENGEL and KEITH, Circuit Judges, and WISEMAN,* District Judge.

PER CURIAM.

Counsel for appellant Jessie Lavender has filed a motion in this court for attorney fees in the amount of Seven Thousand Four Hundred Twenty-Six and 44/100 Dollars ($7,426.44) for a successful representation of Mr. Lavender resulting in an order of this court remanding this case to the Secretary for an award of disability benefits. Mr. Lavender's earlier motion filed with the district court for similar relief was denied upon a determination by the district judge that under our decision in *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), he was without jurisdiction because the court of appeals was the tribunal which ultimately upheld the claim of benefits and under *Webb*, as the district judge construed it, only that court can award attorney fees in such cases.

* Hon. Thomas A. Wiseman, Jr., Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

1. The court is advised that some panels of this court have also construed *Webb v. Richardson*

Section 206(b)(1) of the Social Security Act, as amended, 42 U.S.C. § 406(b)(1) (1976), makes provisions for the award of attorney fees by a court to the counsel for a prevailing claimant, but not in excess of twenty-five percent (25%) of the total of past-due benefits. In this case, the claimant did not prevail until he appealed to this court, but at the time of that appeal the actual amount of benefits to which claimant might have been entitled did not appear in the record. Thus, at that time it was not possible to determine whether an amount requested for attorney fees was within the twenty-five percent (25%) limitation. Instead, counsel petitioned the district court following the Secretary's determination of the amount of past-due benefits on remand. The district court denied the fee petition. Upon consideration of counsel's motion to this court, we hold that the case should be remanded to the district court for proceedings on the attorney fee petition.

In the past, when a fee application has been made directly to our court, it has been the practice of the court to remand to the district court for making that determination.[1] Such a procedure would appear to be consistent with *Webb*. In *Webb*, the award of benefits was made by the district court, not by the court of appeals. The court did not need to decide whether a court of appeals that awards benefits should also be the tribunal to award attorney fees. We believe, however, that principles underlying *Webb* are relevant here. Interpreting Section 206(b)(1), Judge McCree stated: "we should establish a rule for our circuit that is easy to apply, is economical of court and attorney time, and will carry out congressional intent." *Webb v. Richardson, supra*, 472 F.2d at 536. These factors support our holding today.

While the trial court's literal interpretation of *Webb* is indeed reasonable, its utility is somewhat doubtful. Although a fee peti-

as simply to distinguish between the Social Security Administration and the United States Courts without making any comparable distinction between the district court and the court of appeals.

tion may be within the twenty-five percent (25%) statutory maximum, the statutory maximum was not intended to be an automatic finding that fees in that amount are reasonable, and a court of appeals does not possess the appropriate facilities to make such factual determinations. In our opinion they are better made by the district court. Under this rule, the district court judge is empowered to make the fee determination after deciding whether under the particular circumstances it may be necessary to hold an evidentiary hearing or whether such decision can be made upon a submitted record.

■ However *Webb v. Richardson* may in the past have been construed, it is the opinion of the court at this time that where a claimant has been successful either in the district court, or upon appeal to this court, an award of attorney fees under 42 U.S.C. § 406(b)(1) may be made by application directly to the district court. When such application is instead made to this court, it should be referred to the appropriate district court for disposition.

The decision in the instant case should raise no implications regarding the continuing validity of *Webb*; *Webb* remains the law in this circuit. With increasing case loads, *Webb's* admonition that lawyers and judges should "seek the speedy resolution" of Social Security claims has even greater importance. 472 F.2d at 539.

Accordingly, the case is remanded to the district court for a computation of attorney fees or other proceedings consistent with this opinion.