**Eugene F. CHANDLER,**
**Plaintiff-Appellant,**

v.

**SECRETARY OF the DEPARTMENT**
**OF HEALTH AND HUMAN**
**SERVICES, Defendant-Appellee.**

No. 85–5587.

United States Court of Appeals,
Sixth Circuit.

Argued April 4, 1986.

Decided June 5, 1986.

Charles E. Rader argued, Knoxville, Tenn., for plaintiff-appellant.

John W. Gill, U.S. Atty., Knoxville, Tenn., Robert E. Simpson argued, for defendant-appellee.

Before: MARTIN and GUY, Circuit Judges; and REED, District Judge.[*]

PER CURIAM.

Plaintiff's counsel, Charles E. Rader (Rader) appeals from an order of the district court setting an attorney fee for Rader's representation of plaintiff Chandler in a social security disability redetermination case. The district court disallowed a substantial portion of Rader's claim. Upon a review of the record, we affirm in part and reverse in part..

In order to put this fee dispute in context, a brief review of the underlying social security litigation is helpful. Chandler had been originally awarded disability benefits in 1975. In 1981, the Social Security Administration terminated his benefits after examination on the basis of an improved medical condition. Chandler, represented by Rader, administratively challenged this termination and was unsuccessful. A subsequent appeal to the district court handled by Rader was also unsuccessful. Chandler then appealed to this court, but on appeal was represented by the University of Tennessee Legal Clinic rather than Rader. This appeal was successful and the case was remanded to the district court with instructions to remand to the Secretary for reinstatement of benefits.[1] Rader makes no claim for any fees in connection with the prosecution of the appeal to this court, nor does the University of Tennessee Legal Clinic.

■ On remand, it was ultimately determined that Chandler, his wife, and three children were owed benefits totaling $21,-406.60. Title 42 U.S.C. § 406(b)(1) provides in part that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the *past due benefits* to which the claimant is entitled by reason of such judgment, . . . .

Thus, the maximum fee that could be awarded based on the $21,406.60 figure would be $5,351.65. However, as the defendant points out in her brief, this sum

---

[*] Honorable Scott Reed, United States District Court, Eastern District of Kentucky, sitting by designation.

1. *Chandler v. Secretary of Health and Human Services,* No. 83–5879. Unpublished per curiam issued as mandate October 5, 1984, 745 F.2d 55.

includes more than just "past due benefits." 20 C.F.R. § 404.1703 provides in pertinent part:

"Past Due Benefits" means the total amount of benefits payable under title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision was made.

Since this court issued its mandate in the original appeal on October 5, 1984, "past due benefits" are those accrued benefits payable through September, 1984. This means that the total award on which an attorney fee of up to 25 percent may be computed is $14,820.03 not $21,406.60. Thus, the maximum fee that Rader could claim would be $3,705.01.[2]

In connection with his claim for attorney fees, Rader submitted an itemized hourly statement for services rendered totaling 100.46 hours. He claimed no specific hourly rate for any of the time billed in either his hourly statement or his motion.[3] The trial judge, before applying any hourly rates, eliminated 60.25 hours entirely.[4] He then determined that of the remaining hours 39 were really the type of work a paralegal could do, and awarded compensation at $20.00 per hour. He also credited work necessarily done by a lawyer at eight and a half hours and awarded $30.00 per hour for that. Finally, the trial judge credited Rader with one-quarter hour of hearing time at $40.00 per hour.[5]

Trial judges should be given the widest possible latitude in reviewing fee requests. Indeed, in social security cases they have a mandate:

[W]hile the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases.

*Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir.1966). *See also Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972).

The judicial gloss placed on the judge's statutory duty to limit fees to 25 percent or less of the award makes it clear that "in the vast majority of cases, the judge's own observation of the lawyer's performance in the adjudicatory process will be a sufficient basis for his allowance of a reasonable fee." *McKittrich v. Gardner,* 378 F.2d 872, 875 (4th Cir.1967).

One of the problems in fee setting in social security cases, however, is the fact that the trial judge who sets the fee actually has a limited opportunity to observe the "lawyer's performance in the adjudicatory

2. The period of time of accrued past-due benefits was July, 1981 through September, 1984. This totals 39 months and results in an accrued benefit per month of $548.89. Of this 39-month period, Rader represented plaintiff Chandler for 27 months. The balance of the time, he was represented by the University of Tennessee Legal Clinic. Twenty-seven (27) months times $548.89 equals $14,820.03. Twenty-five (25%) percent of $14,820.03 is $3,705.01. (This computation is essentially taken from the Secretary's Brief at 12. Rader does not appear to question this arithmetic since in his Reply Brief he requests an attorney fee of $3,705.00—this precise amount.)

3. Although no specific fee was requested, Rader stated in his motion that Chandler and family had collected $23,956.00. He also cited the section of the statute that limits his fee to 25 percent of the award. Under these circumstances, it is not an unreasonable deduction that Rader was seeking the statutory maximum fee on the $23,956.00.

4. Twenty-one of these hours were eliminated because they were billed as *conference time* with doctors, witnesses, and the client but Rader had not "specified the nature of the conference." The balance was eliminated from 41 hours claimed for research, reviewing documents, and drafting pleadings and a brief which the court concluded could have been done in eight and a half hours. Six and a half hours were eliminated as being billed while the case was on appeal and in the hands of another lawyer.

5. The arithmetic in the trial judge's order would appear to total 107.75 hours which does not square with the 100.46 hours billed by Rader.

process." By and large, these cases are won or lost before the Administrative Law Judge (ALJ), and the trial judge is totally uninvolved throughout the entire administrative process. Although not the case here, these matters are generally referred to magistrates when they do get into the district court, and, even if they are not, oral argument on the usual cross-motions for summary judgment is rare. The Secretary frequently files no objection to fee petitions, and so often the fee allowed turns out to be the statutory maximum 25 percent. Here, the Secretary did oppose Rader's fee request, but her primary objection was that Rader *lost* the case in district court and did not handle the appeal, so he was entitled to no fee, an argument that was rejected out of hand by the trial court and correctly so. *Lavender v. Califano*, 683 F.2d 133 (6th Cir.1982).

What we are really dealing with here is how much leeway can and should be afforded to a trial judge's "instincts." In fact, Judge Taylor here expounded a kind of Parkinson's law of fee claims when he stated: "In reviewing numerous petitions for fee awards, the Court has noted that the amount of time documented as expended on the case increases with the amount of past due benefits." (App. 102)

As a reviewing court, we have three choices in this type of dispute. We can affirm, we can reverse and set an appropriate fee ourselves, or we can remand for an evidentiary hearing. None of these choices is without its perils. To affirm under these circumstances would be to signal that a sabre may be substituted for a scalpel in excising excesses in the fee claim. Clearly, at least part of the disallowed hours here were arbitrarily deleted. To set the fee ourselves is to further remove this process from the arena where at least someone has some first-hand knowledge. To remand is to signal that approving the fee without question is more likely to get the matter off the calendar once and for all, while

exercising the duty of supervision may result in the case being returned to the trial court for another round of "pad and slash" played out between the attorney and the court. It is a thankless task at best for the trial judge.

 Reluctantly, we opt for remanding for a hearing, but, to try to make the matter as painless as possible, we offer the following minimal guidance. The striking of the entire 21 hours of conference time was arbitrary. Although it may not all be justified, certainly some time is properly credited to interviews with clients, doctors, and other witnesses. The classification of 39 hours of time as billable only at paralegal rates must be revisited. If, in fact, an attorney has a paralegal working for him, he can only bill for the work done at appropriate paralegal rates. But, to say that all that work done by an attorney, including talking to the client, which might have been done by an experienced paralegal can only be compensated at paralegal rates is extreme. Similarly, although we agree that the 41 hours allocated to brief writing, drafting pleadings, research, and review of documents seems excessive, to cut it back without more to eight and one-half hours appears harsh. Lastly, the hourly rate allowance of $30.00 an hour is low unless it can be demonstrated that that is the going rate for attorneys of similar skill and experience handling similar work in that geographic area. Rader should also receive his $290.00 in costs, which item was not initially addressed by the trial court.

The case is remanded for further proceedings consistent with this opinion.[6]

---

6. Inasmuch as a plaintiff's counsel has now officially reduced his fee demand to $3,705.01, which is the Secretary's figure for maximum compensation, the Secretary may wish to reconsider whether to oppose this request on remand or not.