**George P. SHOWALTER, SSN: 276–22–5483, Plaintiff,**

**v.**

**Otis R. BOWEN, Defendant.**

**No. C–1–85–1617.**

United States District Court, S.D. Ohio, W.D.

Oct. 11, 1986.

Michael J. Mooney, Cincinnati, Ohio, for plaintiff.

Jos. E. Kane, Albert Ritcher, Asst. U.S. Attys., Columbus, Ohio, for defendant.

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES

SPIEGEL, District Judge.

This matter came on for consideration of plaintiff's counsel's memorandum in support of his application for attorney's fees (Doc. 11), defendant's memorandum in opposition (Doc. 12), and plaintiff's reply (Doc. 13). In this case, Michael J. Mooney was successful in obtaining an award of benefits for his client, as this court accepted the Report and Recommendation of the Magistrate, and adoped the same as its final Order and Judgment (Doc. 9), thereby reversing the decision of the Secretary denying benefits. In the instant case, the Secretary only opposes plaintiff's request for the application of a multiplier of 2.0 to counsel's hourly rate, claiming this would be an unreasonable amount of compensation.

Plaintiff's request for a fee award is made pursuant to 42 U.S.C. § 406(b)(1), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by raeson of such judgment, ...

■ The statutory maximum for a fee award was not intended to be, and cannot be considered, an automatic finding that fees in that amount are reasonable. *Lavender v. Califano*, 683 F.2d 133, 135 (6th Cir.1982). In deciding what constitutes a reasonable fee the district court must consider the quality of the legal representation and the statement of time submitted; the court may also take into account the contingent nature of the compensation. *Webb v. Richardson*, 472 F.2d 529, 537 (6th Cir. 1972), *citing McKittrick v. Gardner*, 378

F.2d 872, 874–75 (4th Cir.1967). Even in the presence of a contingency fee contract between the plaintiff and his attorney that provides for the maximum of twenty-five percent, the court must still determine whether the fee requested is reasonable under all the circumstances of the case, *Webb*, 472 F.2d at 537; *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246, 248 (6th Cir.1983).

■ In the instant case counsel, in addition to requesting compensation at his hourly rate of $120.00, requests that a multiplier of 2.0 be applied to double the amount of fees claimed to $5,231.00. This amount represents the statutory maximum of 25%. Plaintiff argues that the multiplier is justified because he obtained excellent results, both in terms of benefits to plaintiff and in terms of the precedential value of the case.[1] In addition, plaintiff claims the contingent nature of the case, given its unusual risk, requires the application of a multiplier.

In response, defendant argues that, although counsel is entitled to a substantial fee for his success, a fee of $240.00 per hour is unreasonable for the work in this case. In fact, defendant claims this case is fairly typical of social security appeals. Defendant urges this court to apply its discretion in determining a fee award commensurate with the complexity of the case.

Along with defendant we believe that plaintiff is entitled to a substantial fee for his successful results in representing his client. However, we also believe that it would be unreasonable to award counsel $240.00 per hour for his work. Despite counsel's effectiveness, a review of the hours and the complexity of the issues reveals that this case is fairly typical of social security appeals. Our parent circuit recently noted: "the number of hours of work automatically reflects the 'time and labor involved, the novelty and difficulty of the question,' and the 'preclusion of other

---

1. Plaintiff claims the precedential value of this case lies in the holding that the Secretary's failure to provide vocational testimony when the

"gird" is inapplicable, requires an outright reversal and award of benefits, rather than remand.

employment.' " *Bailey v. Heckler,* 777 F.2d 1167 (6th Cir.1985) *quoting North-cross v. Board of Education of Memphis,* 611 F.2d 624 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). Here plaintiff indicates he spent 21.95 hours on this appeal. (Doc. 11, Exhibit D, affidavit). After reviewing the services provided, we perceive that this was a reasonable, yet average, amount of time for this type of appeal.[2]

■ Furthermore, we disagree with plaintiff that he is deserving of an increased rate due to the contingent nature of this case. On the facts presented here, we see nothing unusually risky in accepting this appeal. Indeed, counsel's argument seems to suggest that every time he agrees to represent a social security claimant in an appeal when he wasn't counsel in the administrative proceedings, he is entitled to an enhanced award. We disagree with this reasoning.

Although we find that $240.00 per hour is excessive, we wish to fairly compensate plaintiff for his substantially successful results. To this end, we find that $130.00 per hour would be a reasonable amount to compensate plaintiff for his work on this appeal. Consequently, since counsel worked 21.75 hours on this appeal and we find this to be a reasonable amount of time, he is entitled to $2,853.50. Accordingly, we approve the application for attorney's fees in this amount.

SO ORDERED.

---

**2.** Chief Judge Rubin indicated that in almost all cases "a reasonable expenditure of time is between 20 and 30 hours." *Lanter v. Heckler,* —— F.Supp. —— No. C–1–84–622 (S.D.Ohio Jan. 24, 1986).