810 F.2d 73
 16 Soc.Sec.Rep.Ser. 191, Unempl.Ins.Rep. (CCH) P 17,059,
Unempl.Ins.Rep. (CCH) P 17,232
In re Steven B. HORENSTEIN, Attorney-Appellant,
Manuel COMBS, Plaintiff,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 Nos. 85-3649, 85-3658.
 United States Court of Appeals,
Sixth Circuit.
 Decided Nov. 20, 1986.
 
 Steven B. Horenstein, Lang & Horenstein, Dayton, Ohio, for attorney-appellant.
 Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, for defendant-appellee.
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, Steven B. Horenstein, is an attorney who successfully represented a claimant seeking disability benefits under the Social Security Act. The claimant ultimately received $11,741.50 in benefits. Horenstein petitioned the court for an attorney fee of $3,088.50, representing the twenty-five percent maximum fee authorized by 42 U.S.C. § 406(b). The District Court awarded him $2,300.00. Appellant appeals from this reduction, claiming the District Court abused its discretion by arbitrarily setting a lower fee. For the reasons set forth below, we remand for further proceedings.
 
 
 2
 Given the volume of social security cases, it would be convenient for all concerned if some bright-line test could be established to determine what is a fair and reasonable attorney fee in each case. Although that is not possible, some rather specific guidelines, in addition to those provided by 20 C.F.R. 404.1725, can be drawn from the cases. For example:
 
 
 3
 1. Routine or perfunctory approval of the twenty-five percent maximum fee is to be avoided. Lavender v. Califano, 683 F.2d 133, 135 (6th Cir.1982).
 
 
 4
 2. Although contingent fee arrangements may be considered, they are not binding upon the courts. Lewis v. Secretary of Health and Human Services, 707 F.2d 246, 248 (6th Cir.1983). Unlike personal injury actions, where contingent fee arrangements are customary, in a social security disability case the issue is essentially limited to the merits of entitlement to benefits; the amount of recovery is the subject of a calculation which is rarely in question and, therefore, bears no relationship to the lawyer's skill, effort, or effectiveness. McKittrick v. Gardner, 378 F.2d 872, 874 (4th Cir.1967).
 
 
 5
 3. The contingent nature of compensation, whether it stems from a contingent fee arrangement or results from the claimant's indigency, is relevant to the appraisal of a fee claim in a case where the claimant prevails since one must consider the lawyer's risk of receiving nothing for his services. Compensation on the basis of minimal hourly rates would be inappropriate for a lawyer who performed creditably under circumstances where receipt of any fee at all is so uncertain; such a practice could result in reducing the pool of competent counsel available to claimants. See McKittrick v. Gardner, supra, at 875.
 
 
 6
 4. In awarding the attorney fee, the District Court should consider all services performed by the attorney from the time the claim was filed with the Social Security Administration. Webb v. Richardson, 472 F.2d 529, 538 (6th Cir.1972).
 
 
 7
 5. Analysis and exercise of discretion is due each individual case, as opposed to automatic adherence to formulae or fee contracts. McKittrick v. Gardner, supra.
 
 
 8
 We also discussed the allowance of attorney fees in two recent cases, Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624 (6th Cir.1979), and Coulter v. Tennessee, 805 F.2d 146 (6th Cir.1986), which, while not social security cases, explore in some detail the considerations before a court in the analysis of any fee request.
 
 
 9
 When these guidelines are applied to this case, what emerges is the lack of an individualized analysis of the circumstances of this case, as a basis for reducing the fee request. Instead, the court offered this reasoning for its action:
 
 
 10
 "It is this Court's opinion that social security appeals can be appropriately handled with an expenditure of between 20 and 25 hours."
 
 
 11
 Although perhaps not intended, this language would appear to limit the fee award to compensation for time expended in court appeals. But, more importantly, the language clearly evidences a generalized, as opposed to an individualized, approach to the fee request. Although an analysis of the circumstances of this case might reveal facts that would warrant the trial court in concluding that the fee requested was excessive, failure by the District Court to exercise its discretion by engaging in such an analysis amounted to an abuse of discretion. The inappropriateness of a broad-brush approach is particularly apparent under the circumstances of this case, since neither the claimant nor the government objected to the fee petition; the claimant's attorney is experienced in handling these cases; the result was favorable to the claimant; there is no claim that the attorney's conduct occasioned unwarranted delay which could result in higher attorney fees without reference to the merits or difficulty of the case; and Horenstein fully documented time spent on the total case.
 
 
 12
 It is not our intention to eliminate altogether from a trial judge's mental processes his instincts or intuitive feelings based upon experience, as to the appropriate number of hours a routine social security case should warrant. The problem here, however, is that, by declining to engage in an individualized analysis, the District Court did not afford this attorney an opportunity to demonstrate why this case is unique, departs from the routine, or otherwise merits deviation from an instinctive norm.
 
 
 13
 Accordingly, the order of the District Court is reversed, and this matter is remanded for further proceedings consistent with this opinion.