Jeannette **DEARING**, Plaintiff-Appellee,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,** Defendant-Appellant.

No. 86–5358.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 22, 1987.

Decided April 10, 1987.

Louis DeFalaise, U.S. Atty., Lexington, Ky., John S. Osborn, III (argued), for defendant-appellant.

Michael Conover (argued), Harrodsburg, Ky., for plaintiff-appellee.

Before ENGEL and BOGGS, Circuit Judges; and HILLMAN,* District Judge.

ENGEL, Circuit Judge.

The Secretary has perfected an appeal from a judgment of the district court granting a fee award of $7,325.90 to counsel for plaintiff Jeannette Dearing, who had earlier prevailed in her petition for review and in consequence had been awarded social security disability benefits. *See* 42 U.S.C. § 406(b)(1) (attorney fee provision). The figure granted represented 25 percent of the approximate $29,000 in back benefits which had accrued by the time judgment was ultimately rendered in her favor. Most of those benefits, however, had accrued after the issue had been framed in the district court and was ready for decision by the district judge. The delays, however, although not chargeable in this case to any fault of counsel, had the effect of substantially increasing the maximum amount of allowable attorney fees if based upon a percentage of the entire amount of accumulated benefits.

The complaint in the underlying action was filed on February 25, 1981, and the plaintiff filed a memorandum in support of motion for summary judgment on December 9, 1981. However, a summary judgment was not granted until four years later on October 18, 1985.

On January 30, 1986, plaintiff's attorney filed a request for attorney fee approval and award in the amount of $7,325.90, twenty-five percent of the past due benefits accrued. The district court then entered an order awarding that amount in attorney fees without waiting for the Secretary's response. The Secretary filed an objection to the requested fees based on *Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972), which limited attorney fees to 25 percent of the past due benefits that would have accrued if judgment had been rendered within three months of the date the case was ready for submission. The Secretary asserted that the maximum attorney fee award should be $2,276.40, twenty-five percent of the past due benefits accrued as of March 1982 (three months after plaintiff's motion for summary judgment). The district judge granted a motion for reconsideration and alteration of the order granting attorney fees, but also granted plaintiff's attorney an award of $7,325.90. The Secretary now appeals that award on the same basis asserted in his earlier objection: the award exceeds the maximum acceptable limit delineated in *Webb v. Richardson.*

While *Webb v. Richardson* appears to have been largely ignored elsewhere in the circuit, its holding has not been disturbed by any subsequent decision of our court since first published in 1972. We write at this time specifically to express continued adherence to that rule in this circuit and we find its rationale still valid.

■ Applied to the facts here, it appears that not only did the district judge order the full allowable fee under the statute based upon accrued back benefits, but he initially did so without having the benefit of the Secretary's objections. Further, upon receiving those objections, the district judge acknowledged them, but made no independent determination that the amount requested was in fact reasonable, a determination which under the statute acts as a further limitation upon the amount of attorney fees allowable.

■ Accordingly, the judgment of the district court is VACATED and the cause

---

* The Honorable Douglas W. Hillman, Chief Judge, United States District Court for the Western District of Michigan, sitting by designation.

REMANDED to the district court for a determination of the amount of fees for the effort reasonably expended by counsel in his representation of the plaintiff. Such fees may not in any event be greater than 25 percent of the amount of back benefits accumulated by three months after the case was ready for decision by the district court as set forth in *Webb v. Richardson, supra.*