888 F.2d 128
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clara C. THORNBURG, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-3802.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff's attorney appeals the district court's amendment of its attorney fees award in this Southern District of Ohio Social Security case. We remand for further proceedings in accordance with this opinion.
 
 
 2
 Pursuant to a 25% contingency fee arrangement, plaintiff's attorney, Steven B. Horenstein, successfully represented plaintiff, Clara C. Thornburg, in a challenge to a decision of the Secretary of Health and Human Services. After winning a summary judgment motion on plaintiff's behalf, which resulted in her being awarded a lump sum for her denied benefits, Horenstein filed a Motion for Allowance of Attorney Fees on June 4, 1985, requesting a fee of $4,101.00, 25% of the plaintiff's award. The defendant did not file any objection to this motion.
 
 
 3
 Subsequently, the plaintiff's award was increased and on July 2, 1985, Horenstein filed his Amended Motion for Allowance of Attorney Fees, requesting the sum of $5,432.85, representing 25% of the revised award. The defendant did not file any objection to this motion. On August 30, 1985, the district court awarded Horenstein $5,432.85, stating that the requested fee was reasonable on its face and supported as required by law. Defendant then filed a Motion for Relief From Order Sustaining Plaintiff's Motion for Attorney Fees. On June 18, 1987, the court granted the defendant's motion, reducing the awarded fees to $4,251.80.
 
 
 4
 The district court found that the defendant's failure to object to the amended request for attorney's fees was due to a clerical error in the U.S. Attorney's office, and as such, was excusable neglect within the meaning of Federal Rule of Civil Procedure 60(b)(1). On the merits, the district court held that Dearing v. Secretary of Health and Human Services, 815 F.2d 1082 (6th Cir.1987) and Webb v. Richardson, 472 F.2d 529 (6th Cir.1972), "required" that it exclude from the amount of "past due benefits" from which an attorney's fee award is calculated any portion which accrued more than three months after a case was ready for decision by the district court. Applying its construction of Dearing, the district court determined that sixteen of the forty-six months of back benefits awarded to the plaintiff occurred during two periods of time when the case was ripe for decision by the court. Consequently, subtracting three months from each period under Dearing, the court ruled that attorney fees for ten of the forty-six months of back benefits were not awardable. The court reduced the award from $5,432.85 to $4,251.80, representing 25% of the lump sum award after the Dearing reduction was made.
 
 
 5
 Attorney Horenstein argues that the district court misapplied Dearing and Webb as establishing a three-month rule "requirement" in its decision to amend the attorney fees award. Specifically, he argues that Dearing and Webb dealt with extensive and inexcusable delays prior to the final decisions in those cases, whereas no extensive delay occurred in this case before the ultimate decision was rendered. He also argues that his requested fee is reasonable, and that without his expertise and "excellent representation", the plaintiff clearly would not have recovered. He argues that his full documentation of his efforts on behalf of the plaintiff and his 25% contingency fee contract with the plaintiff support the reasonableness of his claim.
 
 
 6
 The government argues that the district court properly applied the Webb and Dearing decisions. The government notes that this circuit's decision in Webb was clearly influenced by lengthy delays in obtaining resolutions from district courts and resulted in the sensible implementation of the three-month rule to prevent an attorney from receiving a higher fee award from circumstances over which he has no control and pursuant to which the client would be disadvantaged. The government argues that Dearing made clear that Webb's three-month rule was not limited to the facts in Webb. Moreover, nothing in either case indicates that the three-month rule is limited to cases where the delay was for a period of years. Consequently, the district court's application of the three-month rule was proper.
 
 
 7
 Finally, the government argues that the recent en banc decision in Rodriquez v. Bowen, 865 F.2d 739 (6th Cir.1989) does not affect the validity of the holdings in Webb and Dearing which were cited on the issues of delay and attorney fee windfall by the Rodriquez majority. Moreover, the government contends that the district court did not abuse its discretion in declining to award the full 25% attorney fee. Bailey v. Heckler, 777 F.2d 1167 (6th Cir.1985).
 
 
 8
 The district court amended the attorney fees award in this case well before this circuit's decision in Rodriquez clarified the standards to be applied by a district judge. Rodriquez establishes a rebuttable presumption that an attorney will receive the full 25% maximum fee where a contingency fee agreement so providing exists between the attorney and the claimant. Rodriquez, 865 F.2d at 746. The district court may, however, decline to award the full amount so long as it states the deductions being made and the reasons therefore. Id. Such deductions will generally fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; 2) situations where counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended. Id. Here, the court awarded the attorney his 25% maximum fee out of the available funds from which the 25% amount could be gauged. The district court clearly stated that its reasons for reducing the award were based on its interpretation of Dearing as shielding increased back pay benefits attributable to delays in the district court longer than three months from the reach of a claimant's attorney. However, the district court improperly applied the Dearing three-month rule. It reduced the fee generated from benefits which occurred during the eleven months which expired while the case was before the United States Magistrate. That was improper because the eleven-month delay was not caused by the claimant or her counsel. Thus, counsel's fee for this eleven-month period was appropriately claimed under the contingent fee agreement.
 
 
 9
 As Judge Wellford noted in his concurrence in Rodriquez, nothing in that decision overrules Dearing and Webb. 865 F.2d at 748. Although Dearing and Webb concern situations where several years passed before the district court in those cases made a final decision, the rationale behind the three-month rule, to protect the claimant from a reduced award due to a fee arrangement which gives the attorney a greater award due to increased back benefits awarded merely because of the court's delay in making a ruling, applies as soundly where the delay is for three months and a day as it does for a four-year hiatus. In addition, the very statement of the rule in both Webb and Dearing makes no reference to any period of delay greater than the three months grace period.
 
 
 10
 In the application of the three-month rule, we hold that the district court erred in not limiting the mandatory reach to the situation declared in Webb: where a case is fully ready for final decision by the district court. In this case, motions had been made before the magistrate, but the magistrate had yet to hold oral argument or render a report and recommendation. Under those circumstances, the rule of Webb and Dearing does not apply, as the case is not under submission and awaiting final decision by the district court. The district court should have treated only the time after the case had been fully submitted for more than three months as time that was "required" to be omitted in calculating the fee. The district court may not make a deduction for the eleven months which passed before the magistrate rendered his decision.
 
 
 11
 Other delay time remains as part of the factors that may be weighed, under the general reasonableness test of Rodriquez, but whose exclusion is not required. We therefore remand to the district court for a recomputation of the proper attorney fee due in this case.
 
 
 12
 It is so ordered.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation