892 F.2d 1044
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carol WHITE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1601.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Attorney Kenneth F. Laritz, who successfully represented Carol White in her claim for disability benefits, appeals the decision of the district court to reduce the magistrate's award of attorney fees. The magistrate awarded Laritz $7536.98. Finding that award to be unreasonable, the district court entered an order reducing the fee to $5432.50. We disagree in part with the district court's order and accordingly modify the award.
 
 
 2
 * On February 25, 1983, White filed a complaint in district court, having been denied benefits by both the Secretary and the Appeals Council. On November 30, 1983, pursuant to cross-motions for summary judgment, the magistrate recommended reversing the Secretary. No objections were filed to the magistrate's recommendation, but on April 24, 1984, the district court granted summary judgment for the Secretary and dismissed White's complaint. On June 7, 1985, this court reversed the district court with instructions to remand the case to the Secretary for an award of benefits.
 
 
 3
 On September 15, 1986, Laritz petitioned the district court for attorney fees, and the Secretary filed a response stating no objection.[1] On October 3, 1986, the district court referred the fee petition to the magistrate "for disposition." The magistrate awarded Laritz the full amount requested ($7536.98), largely because the Secretary had no objection to the request. On December 5, 1986, the district court vacated the magistrate's order, on the ground that the magistrate "abused her discretion" by not examining closely the reasonableness of Laritz's request, as required by Webb v. Richardson, 472 F.2d 529 (6th Cir.1972).[2] On May 12, 1987, the district court ordered that the fee be reduced to $5432.50.
 
 
 4
 On June 22, 1987, Laritz filed his notice of appeal. The Secretary filed a motion to hold the appeal in abeyance pending the outcome of this court's decision in Rodriquez v. Bowen, 865 F.2d 739 (6th Cir.1989) (en banc). We granted the motion. On February 8, 1989, after Rodriquez was decided, we ordered the parties to begin briefing this appeal.
 
 
 5
 Laritz argues that the magistrate did not abuse her discretion and that there is no evidence in the record to suggest that the magistrate did not examine the quality and extent of Laritz's representation. The Secretary did not file a brief in opposition to this appeal or appear at oral argument.
 
 II
 
 6
 * In its May 12, 1987 order, the district court reviewed the magistrate's recommendation and found it unreasonable. The court allowed a fee of $75 per hour of administrative work and a fee of $100 per hour for the time during which White's case was before the court. Based on its experience in assessing the reasonableness of fees, the court determined that 6.2 hours of the time that Laritz charged at the administrative rate for the preparation of correspondence was excessive; the court found that a charge of $225, for three hours of work, was reasonable for these services. The court also rejected Laritz's claim of 26.1 hours "for appealing this matter to the court of appeals." The court found that the maximum appropriate charge was 18 hours. Finally, for 7.25 hours spent to correct an error in the award certificate, the court found that Laritz should have been compensated at the administrative rate rather than at the court-time rate. We hold that these specific findings are reasonable and that the district court did not abuse its discretion in making these three reductions.
 
 
 7
 The total reduction that the district court made from the amount requested is not supported by the aggregate of the separate amounts subtracted from the original $7536.98 award. The 3.2 hours that the court deducted (for correspondence) at the administrative rate warranted a $240 reduction.[3] The reduction for time spent on the first appeal, from 26.1 hours to 18 hours, at $100 per hour, totalled $810. The conversion of the 7.25 hours for Laritz's post-judgment efforts in correcting the error in the award certificate from the court-time rate to the administrative rate resulted in a reduction of $181.25.[4] The reductions for which the district court articulated reasons total $1231.25.[5] The difference, however, between the magistrate's award of $7536.98 and the court's award of $5432.50 is $2104.48. The district court's Memorandum and Order of May 12, 1987 does not provide any indication of how this difference might be explained.
 
 B
 
 8
 District courts have discretion to set fee awards. In Lavender v. Califano, 683 F.2d 133, 135 (6th Cir.1982), we held that:
 
 
 9
 the statutory maximum [25%] was not intended to be an automatic finding that fees in that amount are reasonable, and a court of appeals does not possess the appropriate facilities to make such factual determinations. In our opinion they are better made by the district court. Under this rule, the district judge is empowered to make the fee determination after deciding whether under the particular circumstances it may be necessary to hold an evidentiary hearing or whether such decision can be made upon a submitted record.
 
 Three years later, we held that:
 
 10
 For the purpose of appellate review, we believe it is sufficient, in determining the amount of hours for which counsel should be compensated, if the district court simply articulates, as it did, that the hours claimed for the tasks performed were unreasonable, the reason why the hours were unreasonable and the amount of hours that would be reasonable for such tasks.
 
 
 11
 Bailey v. Heckler, 777 F.2d 1167, 1170 (6th Cir.1985).
 
 
 12
 In Rodriquez, this court cited Lavender for the proposition that the court must examine the reasonableness of a fee award up to the 25% maximum imposed by Congress. 865 F.2d at 746. We emphasized that the 25% benchmark is not to be viewed as per se reasonable. Ibid. That Laritz's fee was less than 25% of White's past-due benefits does not render the fee reasonable. The district court had the authority--indeed, under Rodriquez, the responsibility--to lower the award if it was unreasonable, but the court was obligated to follow proper procedure in so doing.
 
 
 13
 The district court, based on its experience with Social Security attorney fees cases, deducted certain amounts from Laritz's award. The court's explanations of its separate deductions did not fully account for its total deduction. As we noted in Chandler v. Secretary of the Department of Health and Human Services, 792 F.2d 70, 73 (6th Cir.1986), "what we are really dealing with here is how much leeway can and should be afforded to a trial judge's 'instincts.' " In "reluctantly" remanding the case, the Chandler court found that "at least part of the disallowed hours here were arbitrarily deleted." Ibid.
 
 
 14
 In Bailey, we laid down the rule that the district court must "articulate on the record findings of fact or conclusions of law explaining the court's reasoning and calculations performed to arrive at the fee award, sufficient to permit a meaningful review of the record." 777 F.2d at 1171. The district court in this case has not delineated its reasons for reducing the attorney fee beyond the three items discussed above. "To affirm under these circumstances would be to signal that a sabre may be substituted for a scalpel in excising excesses in the fee claim." Chandler, 792 F.2d at 73. The case law of this circuit gives district courts the discretion to set, and the appellate court the freedom to affirm, only awards with an identifiable basis.
 
 
 15
 We therefore affirm those reductions which the district court calculated on the record. The fee award is modified to reflect only the $1231.25 reduction articulated by the district court, which we find reasonable. We vacate that portion of the reduction ($873.23) that the district court did not explain. We hereby remand to the district court with instructions to grant to attorney Laritz a fee in the amount of $6305.73.
 
 
 
 [1]
 Laritz states that he "did not even request 25 percent of the claimant's past due benefits," the statutory maximum under 42 U.S.C. § 406(b)(1)
 
 
 [2]
 The correct standard of review is not abuse of discretion. 28 U.S.C. § 636(b) and Article III of the United States Constitution require a district court to conduct a de novo review of a magistrate's proposed findings and recommendation. See U.S. v. Raddatz, 447 U.S. 667, 675-76 (1980); U.S. v. Shami, 754 F.2d 670, 672 (6th Cir.1985) (per curiam); Thornton v. Jennings, 819 F.2d 153 (6th Cir.1987) (per curiam); Nettles v. Wainwright, 677 F.2d 404, 408-09 (5th Cir.1982) (en banc)
 
 
 [3]
 3.2 hours X $75 = $240
 
 
 [4]
 (7.25 hours X $100/hour) - (7.25 hours X $75/hour) = $181.25
 
 
 [5]
 $240 + $810 + $181.25 = $1231.25