936 F.2d 574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Janet WELCH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3716.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1991.
 
 Before MILBURN and BOGGS, Circuit Judges, and DeMASCIO, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Marilyn Donoff, Janet Welch's attorney, appeals from the judgment of the district court reducing the amount of attorney's fees she requested after successfully representing Welch in her claim for social security disability benefits. For the following reasons, we reverse the district court.
 
 
 2
 * Welch's application for disability benefits was partially denied by an Administrative Law Judge ("ALJ").[1] Welch then retained Donoff to pursue a reversal of the adverse portion of the ALJ's determination. Donoff filed suit for Welch in district court on December 28, 1988. After both parties consented to a hearing before a magistrate, the magistrate reversed the ALJ's adverse determination and held that Welch was entitled to disability benefits from the date of the ALJ's decision.
 
 
 3
 Donoff petitioned the court for attorney's fees on May 1, 1990. She requested $4,120.25. Donoff noted that she had represented Welch pursuant to a contingency fee contract that set her fee at the greater of $1,000 or 25% of Welch's award. It is undisputed that Donoff is entitled to more than $1,000. Donoff's fee application affidavit stated that she had spent 30.25 hours on Welch's case, while a secretary spent 5 hours and a paralegal spent .5 hours.
 
 
 4
 Donoff's petition was referred to a federal magistrate for decision. The magistrate applied our decision in Rodriquez v. Bowen, 865 F.2d 739 (6th Cir.1989) to Donoff's petition. Rodriquez held that when attorney's fees are requested in a disability benefits case, and those fees are sought to be awarded pursuant to a contingency fee contract, a counsel is presumptively entitled to the full amount awarded by such a contract up to 25% of the total past due benefits. Such a presumption is only to be overturned, and the fee reduced, when the counsel either acted improperly or was ineffective, or when such an award would represent a windfall to counsel, or where the counsel expended minimal effort. The magistrate also applied our decision in Royzer v. Secretary of Health and Human Services, 900 F.2d 981 (6th Cir.1990). Royzer held that it was not improper to consider the computed hourly rate when determining whether the requested fee would represent a windfall for plaintiff's counsel.
 
 
 5
 The magistrate held on June 11, 1990 that Donoff would receive a windfall at the 25% rate, and reduced her total fee to $2,554.55. The magistrate arrived at that figure in the following manner. He first divided Donoff's total fee request by the number attorney hours she claimed, and found that she was receiving an effective hourly rate of $136.20. The magistrate found that this amount was not reasonable. He further noted that Donoff was retained seven months after the ALJ first held a hearing on Welch's application, and that the legal issues involved were not of unusual difficulty or importance. Finally, he noted that the court decided the case five months after oral argument. He found that an attorney should not profit from benefits accrued during an unreasonable delay in rendering judgment, and that three months of the delay were unreasonable. He therefore took the twenty-six months that Welch's application was pending, subtracted the seven months during which Donoff was not involved and the three months that accrued because of the unreasonable delay in rendering judgment, and found that Donoff was rendering services to Welch for 62% of the time during which the benefits were accruing. He multiplied the estimated[2] benefits that Welch accrued by 62%, which yielded $10,218.22. He then awarded Donoff 25% of this figure, or $2554.55. Donoff's timely appeal followed.
 
 II
 
 6
 We reverse the magistrate's determination because of our decision in Hayes v. Secretary of Health and Human Services, 916 F.2d 351 (6th Cir.1990), as amended 923 F.2d 418 (1991). We decided Hayes on October 10, 1990, after the magistrate's decision here. Nevertheless, Hayes squarely addresses the issue faced here: In what manner and to what extent is a district court permitted to reduce an award of attorney fees under a contingency fee contract because such a fee is a windfall? The rule we announced in Hayes mandates reversal.
 
 
 7
 Hayes involved a petition for attorney's fees of $7,112.75, 25% of the total past due benefits awarded to the claimant. As here, the attorney and the claimant had signed a 25% contingency fee contract. The district court found that this total implied an hourly rate of $182, and that this amount was an unreasonable windfall under Rodriquez. The court reduced the total fees to $4,906.25 after noting that the attorney had worked only 17 hours on the case and had submitted a request for 22 1/4 hours of clerical, secretarial, and paralegal time, and that the attorney had been retained thirty-three months after the onset of claimant's disability. The figure awarded by the court converted to an hourly rate of $125 for the 39 1/4 hours submitted.
 
 
 8
 We reversed the district court, finding that it had improperly interpreted our holdings in Rodriquez and Royzer. We held that under Rodriquez "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." Hayes, 916 F.2d at 355. We specifically held that an hourly rate greater than twice the standard rate may still be reasonable, but that amounts below that figure were per se reasonable.
 
 
 9
 Applying the rule announced in Hayes to this case requires reversal. Assuming minimum hourly rates for the secretarial and paralegal time submitted, such as $7 per hour for the secretaries and $10 per hour for the paralegal, we discern that a maximum of $2,514.55 of the total fee awarded by the magistrate is attributable to attorney's time. ($2,554.55 - [ (5 X $7) + ( 1/2 X $10) ] = $2,514.55). We further assume that the standard rate for attorneys representing claimants for disability benefits in the Southern District of Ohio is at least the amount considered reasonable by the magistrate. $2,514.55 divided by the claimed 30 1/4 hours of attorney time yields an estimated standard hourly rate of $83.13. This amount, multiplied by two as required by Hayes, creates a per se reasonable hourly rate of $166.26. Donoff's claimed rate of $136.20--which is a high estimate, as it applies the entire claimed amount only to her submitted attorney time--is well under this amount.
 
 
 10
 Donoff's fee would be under the amount that is per se reasonable under Hayes even if we lowered the presumptive standard rate by counting all of her submitted time as attorney's time. We then would have a standard rate of $71.46. ($4,120.25/35.75). This figure, multiplied by two, yields a per se reasonable attorney's hourly rate of $142.92. Donoff's claimed fee of a maximum of $136.20 per hour is per se reasonable under this calculation as well.
 
 III
 
 11
 Our task is not completed by this determination, however, because Donoff cannot claim fees for the full amount of benefits awarded Welch. We held in Webb v. Richardson, 472 F.2d 529 (6th Cir.1972) and Dearing v. Secretary of Health and Human Services, 815 F.2d 1082 (6th Cir.1987) that an attorney for a claimant for disability benefits cannot receive a contingency fee for any benefits accumulated more than three months after the case was ready for decision. We expressly reaffirmed this rule when we amended our decision in Hayes. See Hayes, 923 F.2d 418 (6th Cir.1991). Welch's case was ready for decision as of the date of oral argument, but the decision was not rendered for five months.
 
 
 12
 Donoff is not entitled to benefits for two months of the time which the court took to reverse the ALJ. Donoff received past-due benefits for the period from December 1987 until March 1990 when the ALJ was reversed. This period consists of approximately twenty-seven months. Because Donoff is not entitled to fees for the benefits accruing during two of those months under Webb and Dearing, we hold that she may recover only 25/27 (92.59%) of the $4,120.25 that she applied to the court for. Multiplying the two figures yields a total recoverable fee of $3,814.94. Obviously, this figure also yields an hourly rate below the per se reasonable amount computed using the Hayes rule.
 
 IV
 
 13
 We choose not to remand to the district court for a determination of the precise amount of Donoff's fee because there is no ambiguity in the amount she is entitled to. In Hayes, we remanded to the district court for further proceedings because 22 1/4 of the 39 1/4 hours submitted were for non-attorney's time. Hayes, 916 F.2d at 355-56. Even presuming that the standard rate for attorney time was as high as $125 per hour, and then applying the Hayes rule to yield a per se reasonable hourly rate of $250, the total fee that was per se reasonable under Hayes was substantially less than the total amount claimed. ($4,250 was per se reasonable, but the attorney claimed $7,112.75). We noted that the excess fee claimed divided by the 22 1/4 hours of non-attorney time submitted yielded an hourly rate of $64.33. We remanded to the district court solely to determine whether this rate was reasonable, or whether an hourly rate for the attorney above $250 would also be reasonable.
 
 
 14
 Neither of these factors is present in this case. Donoff's fee request does not exceed the per se reasonable amount regardless of how the 5 1/2 hours of non-attorney time submitted is accounted for. There is also no difficulty in determining how much of her claimed fee must be forfeited because of our application of Webb and Dearing because disability benefits accrue every month and there is no difficulty in determining how many months the rendering of the decision was unnecessarily delayed. Accordingly, we have no reason to remand the case except to require the entry of our judgment.
 
 V
 
 15
 For the foregoing reasons, we hold that Marilyn Donoff is entitled to an award of $3,814.94 in attorney's fees. We REVERSE the determination that Donoff is entitled to less than this amount, and we REMAND this case to the district court for entry of judgment consistent with this opinion.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The ALJ held that Welch's disability ended as of October 2, 1987, while Welch sought a determination that she remained disabled
 
 
 [2]
 He surmised that if Donoff was claiming 25% of the benefits due, and she claimed $4,120.25 in fees, the total benefits awarded must be $16,481