**Louis P. LANHAM, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 91–CV–71198–DT.**

United States District Court, E.D. Michigan, S.D.

Oct. 26, 1992.

Gerald Benjamin, Levine, Benjamin, Southfield, MI, for plaintiff.

Jennifer Gorland, U.S. Atty., Detroit, MI, for defendant.

**MEMORANDUM OPINION AND ORDER**

PEPE, United States Magistrate Judge.

■ Plaintiff's attorney has applied for approval of attorney's fees in the amount

of \$5,136.00 pursuant to 42 U.S.C. § 406(b)(1). Defendant has not objected to plaintiff's request. Despite the absence of an objection, however, a district court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination. *See, Glass v. Secretary of HHS*, 822 F.2d 19 (6th Cir. 1987); *Dearing v. Secretary*, 815 F.2d 1082 (6th Cir.1987); *In re Horenstein*, 810 F.2d 73 (6th Cir.1986).

The combined benefits awarded to the plaintiff, his wife, and his child total \$20,-544.00. A non-attorney, Richard J. Humanic, represented the plaintiff at the administrative level. After a hearing, an administrative law judge awarded the plaintiff and his dependents benefits from April 1990 to March 1992. Plaintiff pursued his case to the district court, where he was represented by an attorney, Gerald Benjamin. At this level, plaintiff and his dependents succeeded in obtaining benefits for nine extra months, from July 1989 through March 1990.

The Social Security Administration (SSA) has refused to award fees to Mr. Humanic for his work at the administrative level because the case ultimately went to the district court, and the district court awarded benefits. *See* Plaintiff's Motion, Exhibit C. According to a letter from Norma Onley, an Attorney Fee Officer with SSA, this Court must fix the fees for representation at both the administrative and district levels. *See* Plaintiff's Motion, Exhibit C. Both Mr. Humanic and Mr. Benjamin had contingency fee agreements with plaintiff that set the fees at 25% of the total benefits obtained through the representation. Consequently, Mr. Benjamin has moved this Court for attorney's fees in the amount of 25% of the total benefits awarded, which he will then split with Mr. Humanic in an unspecified manner.

SSA's INTERPRETATION OF WEBB

As an initial matter, I note that this unusual case arises from an apparent misapplication of *Webb v. Richardson*, 472 F.2d 529 (6th Cir.1972), by SSA. In *Webb*, the Sixth Circuit held that under § 406(b)(1) the Court may award a reasonable attorney's fee "for all the representation in the case" provided at both the administrative and the judicial levels. 472 F.2d at 536–37. Indeed, the court went so far as to hold that "the tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment of an attorney fee...." 472 F.2d at 536. The Sixth Circuit reaffirmed *Webb* in *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir.1989) (*en banc*), and in *In re Horenstein*, 810 F.2d 73 (6th Cir.1986).

SSA denied Mr. Humanic's claim for fees based on Acquiescence Ruling 87–1(6), SSA Pub. No. 65–002. This document, which took effect January 6, 1987, discusses the Sixth Circuit's decision in *Webb*, how *Webb* differs from SSA policy, and how SSA will apply *Webb* within the Sixth Circuit. In this last section, the Acquiescence Ruling states:

> In all cases, the tribunal (meaning either the Federal Court system or the Social Security Administration) which ultimately allows the individual's claim will set a single attorney's fee covering services provided before either or both tribunals during the entire appeals process.

AR 87–1(6), p. 3.

In the present case, the claimant was awarded benefits at both levels. These awards were not overlapping, but were for two discrete time periods. *Webb* did not address this situation. Rather, *Webb* spoke to the situation where a claimant was denied benefits at the administrative level, and was ultimately awarded benefits at the court level. 472 F.2d at 530–31. In issuing its decision, the Sixth Circuit was concerned with the possibility of an attorney recovering 25% of past due benefits from the court for representation before the court, and then recovering another percentage of the past due benefits from SSA for representation at the administrative level. 472 F.2d at 536. The court felt the rule framed in *Webb* would, among other things, avoid duplicative proceedings and would effectuate Congress' intent to limit attorney fees to 25% of the past due award. 472 F.2d at 536. The Secretary's Acquiescence Ruling also fails to anticipate the

situation where discrete benefits are awarded at the administrative and court levels.

■ One reading of *Webb* would actually forbid me to award any fees to Mr. Humanic, since he obtained benefits for the claimant at the administrative level. Under this interpretation, I could only award Mr. Benjamin up to 25% of the nine months of benefits he obtained for the claimant in federal court. Only SSA could award Mr. Humanic 25% of the twenty-four months of benefits he obtained at the administrative level. This reading is probably the best under these circumstances, as it would avoid many of the problems I address in the rest of this opinion. However, in the interests of fairness, I will accept SSA's interpretation of *Webb* for purposes of this case only, and will not keep Mr. Humanic in limbo awaiting his fees. Thus, I will award fees to Mr. Benjamin for both his and Mr. Humanic's efforts on behalf of Mr. Lanham. Mr. Benjamin is directed to split these fees with Mr. Humanic according to whatever arrangements the two men have agreed upon.

### ANALYSIS OF APPROPRIATE FEES

■ Mr. Benjamin's petition for fees summarizes existing Sixth Circuit law, concluding with *Hayes v. Secretary of HHS*, 916 F.2d 351 (6th Cir.1990). In *Hayes*, the Sixth Circuit clarified its previous decision in *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir.1989) (*en banc*), by explicitly setting forth the starting point for district courts analyzing fee petitions when a contingency fee agreement exists between the attorney and the social security claimant. The Sixth Circuit felt that clarification was needed because of the "confusion [which] has arisen from the latitude we have permitted the courts." 916 F.2d at 355. Lower courts had issued very diverse opinions regarding what made a fee unreasonable under *Rodriquez*. Consequently, the Court stated

We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked

for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

916 F.2d at 355. In these circumstance, attorney fees in the amount of 25% of past due awards are *per se* reasonable. 916 F.2d at 355.

Using the Michigan Bar Association's Economic Survey of Law Firm Billing Rates and Practices, Mr. Benjamin argues that the appropriate standard rate should be between $110 and $125 an hour. This study was published in the November 1991 issue of the *Michigan Bar Journal.* Mr. Benjamin also included both his and Mr. Humanic's itemized bills, showing a total of 65¾ hours spent on this case. Mr. Benjamin worked 37¾ hours, while Mr. Humanic worked 28 hours. Although Mr. Benjamin's petition does not expressly perform the calculations, it does implicitly ask this Court to divide $5,136 (25% of past due benefits) by 65¾ hours. This yields a hypothetical hourly rate of $78.11, which is clearly less than twice the standard rate.

■ I do not, however, think this is an appropriate use of *Hayes*. As with *Webb*, the *Hayes* case involved one attorney representing the claimant at both the administrative and court levels, and benefits were only awarded by the court. In the present case, the claimant was represented by a non-attorney at the administrative level and by an attorney at the court level. If I accepted the calculations suggested by Mr. Benjamin's petition, I would be remunerating Mr. Humanic at the same level as an attorney, which is improper. One would expect a non-attorney to charge lower rates or invest more time for a fixed rate than would an attorney. In addition, although it was addressing the situation of paralegals working for the attorney seeking fees, the *Hayes* court stated in a footnote to its opinion that "[i]f time other than attorney time is separately recorded and submitted, this fact can be taken into account in assessing the correct 'standard' rate." 916 F.2d at 355 n. 4. Despite the fact that Mr. Humanic was working independently, rather than being supervised by an attorney,

this same logic applies. Non-attorney time is usually billed at a lower rate than attorney time, and a court should take that into account when awarding attorney fees in social security cases.

The *Hayes* multiplier is also inappropriate in this case because each man obtained benefits for a discrete period of time. The fee petition in this case, however, does not break the past due benefits down into the two periods. To be fair, this absence is probably not due to any fault on the part of Mr. Benjamin, but rather to the fact that SSA's award certificates to the claimant and his dependents only lists the lump sum past award. Both Mr. Humanic and Mr. Benjamin each had a contingency fee contract with the claimant for 25% of benefits obtained through the representation. I cannot, however, determine exactly which benefits were obtained by Mr. Humanic and which were obtained by Mr. Benjamin. Consequently, I cannot divide each man's hours into 25% of the benefits he obtained to determine the hypothetical hourly rate.

Rather than make rough approximations or estimates, then, I will simply use a pre-*Hayes* type analysis. This analysis follows the Sixth Circuit's guidelines established in *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989) (*en banc*). In that case, the Sixth Circuit held that "[w]e begin [in determining a reasonable fee] by using twenty-five percent of the past due benefits as a benchmark." At the same time, the Court reaffirmed its holding from earlier cases that the 25% figure "is not to be viewed as *per se* reasonable." *Id., citing Lavender v. Califano*, 683 F.2d 133 (6th Cir.1982). *See also, In re Horenstein*, 810 F.2d 73, 75 (6th Cir.1986) ("Routine or perfunctory approval of the twenty-five percent maximum fee is to be avoided"). The 25% figure may be reduced if "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." 865 F.2d at 746. The *Rodriquez* Court elaborated by stating:

Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations ... 865 F.2d at 747.

In the present case, both men exerted more than minimal effort on behalf of the claimant, and he thus received $20,544.00 in past due disability benefits from SSA. Based upon my experience in handling SSA disability cases, this is not an "inordinately large benefit award".[1]

While I realize that *Hayes* cautions judges against capping the allowable hourly rate represented by a contingency fee (*e.g.,* a judge cannot refuse to award attorney fees which amount to more than $125 per hour), *Hayes* does recognize that *Rodriquez* gave courts the license to consider the hourly rate as part of setting a reasonable fee. 916 F.2d at 354–55. Thus, I begin my analysis by determining the total fee which would result if Mr. Benjamin and Mr. Humanic charged claimant by the hour, rather than a contingency fee.

Mr. Benjamin has supplied me with supporting documentation to establish that the 50th percentile of attorneys practicing in the relevant market bill at a rate of $110 to $125 per hour. He has also submitted his itemized bill which shows he spent 37¾ hours on this case. I do not find any of the items on the bill to be unreasonable or unacceptable. Multiplying $110 by 37¾ hours yields a total fee of $4152.50.

Although no information was supplied concerning Mr. Humanic's hourly rates, the same Economic Survey used by Mr. Benjamin shows that the 50th percentile of legal assistants who have at least ten years experience bill their time at $50 per hour. I do not know how much experience Mr. Humanic has, but the documentation submitted to the Court shows that he specializ-

---

1. This is in accord with a 1985 in-house statistical report for the Eastern District of Michigan which revealed that the median past due disability benefits for workers and their dependents was $15,696.00. Adjusting this total for the SSA's cost of living increases shows that the median award in 1992 would be about $20,068.00.

es in Social Security benefits work. Consequently, I gave him the benefit of the doubt and used the highest experience level listed on the chart. Multiplying $50 times the 28 hours Mr. Humanic spent working on this case results in a total fee of $1400.

Adding the two totals amounts to a fee of $5552.50. Because this is more than 25% of the past due benefits, I find that attorney fees in the amount of $5136.00, which is 25% of the past due award, is reasonable. While I do find that Mr. Humanic and Mr. Benjamin are entitled to the full amount of fees they requested, I do want to emphasize that, in splitting that fee, they are not bound by the calculations I performed in this opinion. Those calculations were solely for my benefit in determining the reasonableness of the fees requested. The two men are entitled to divide the fees by whatever contractual means to which they have agreed.

Accordingly,

IT IS ORDERED that the Secretary is authorized to pay Mr. Benjamin an attorney fee in the amount of $5136.00. This fee is to be split with Mr. Humanic according to the agreement between the two men.

IT IS SO ORDERED.