**James BAILEY, Harley Hubbs, Plaintiffs-Appellants,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**Nos. 84–1478, 84–1586.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 4, 1985.

Decided Dec. 5, 1985.

---

Donald A. Smith, argued, Bernstein and Bernstein, Detroit, Mich., for J. Bailey.

Christopher E. Smith, Detroit, Mich., Donald A. Smith, argued, for H. Hubbs.

Joel M. Shere, U.S. Atty., Detroit, Mich., Pamela Thompson, Carolyn Bell Harbin, Mary Beth McNamara, argued, for defendant-appellee.

Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and BROWN, Senior Circuit Judge.

PER CURIAM.

In this consolidated appeal, counsel for Plaintiffs Bailey and Hubbs ("counsel") challenges the amount of attorney's fees awarded by the district court pursuant to 42 U.S.C. § 406(b)(1). In each case, the district court concluded that the amount of hours claimed was unreasonable, why the claim was unreasonable, the amount of hours that would be reasonable and, without further explanation, arrived at a lump sum award. Because the district court failed to set forth sufficient findings in the record to support its conclusion and to enable us to conduct a meaningful review, we have no alternative but to vacate the judgments below and remand these cases for findings of fact and conclusions of law explaining the actions taken by the district court.

## I.

### BACKGROUND

James Bailey filed an application for social security disability benefits pursuant to 42 U.S.C. § 423, *et seq.*, on May 2, 1981, alleging disability from chronic obstructive lung disease. After his claim was denied by the Social Security Administration, Bailey secured assistance of counsel from the law firm of Bernstein & Bernstein, P.C., and obtained, upon request, a *de novo* review of his application before an administrative law judge. The renewed request for disability benefits was denied and later review by the Appeals Council proved unsuccessful.

On October 10, 1983, claimant petitioned the United States District Court for the Eastern District of Michigan seeking review of the administrative action. Acting on the recommendation of a magistrate, the district court awarded $9,511.55 in benefits. Counsel for Bailey submitted on October 10, 1983, a petition for attorney's fees in the amount of $2,655.32, later amended to $3,981.02, thereby requesting the maximum twenty-five percent of the past-due benefits awarded. This sum was based on a contingent fee agreement and an itemized statement of time expenditures listing fifty-nine and three-quarter hours spent by counsel on behalf of Bailey.

Harley Hubbs filed an application with the Social Security Administration on February 28, 1977, for disability benefits, alleging disability due to a back injury.

Claimant's request for benefits was denied, whereupon he sought assistance of counsel from the law firm of Bernstein & Bernstein, P.C., and received a *de novo* review of his claim before an administrative law judge. The request for disability benefits was denied as in the prior case.

On August 8, 1978, Hubbs petitioned for review of the Secretary's decision before the same district judge who reviewed Bailey's claim. Upon review and recommendation by a magistrate, the court ordered the case remanded for a determination of whether the claimant suffered from disabling pain. Upon later review, the district court granted the claimant's Motion for Summary Judgment, awarding Hubbs $38,046.20 in disability benefits.

On November 22, 1983, counsel petitioned the district court for attorney's fees in the amount of $9,551.25, thereby representing the maximum twenty-five percent of the past-due benefits awarded. This sum was based on a contingent fee agreement and an itemized statement of time expenditures listing ninety-two and one-half hours spent by counsel on behalf of Hubbs.

The district court, articulating the caution expressed by this court in *Webb v. Richardson*, 472 F.2d 529, 537–38 (6th Cir. 1972), against routine approval of attorney's fees, concluded that the hours submitted in each case were not reasonable. The court indicated that its finding was based on the fact that the issues involved in each case, both legal and factual, were not complex. Additionally, the court explained, the only issue raised was "whether the Secretary's decision was supported by substantial evidence."

In each case, the district court rejected the requested sum and awarded a substantially reduced fee. In *Bailey*, the court awarded a fee of $1,212.50 and, in *Hubbs*, the fee awarded was $2,325.00, these amounts representing approximately eight percent and ten percent, respectively, of the past-due benefits awarded in each case.

There were no other findings of fact or explanation in the record clarifying or supporting the reduction of hours or the amount of fees awarded by the court.

Counsel sought reconsideration by the district court of the fees awarded. The court denied counsel's request in *Bailey*, but modified its judgment in *Hubbs*, without explanation, to increase the award from $2,325.00 to $2,800.00.

The judgements entered below with respect to fees were appealed to this court and these cases were consolidated for argument on September 10, 1984.

## II.

### DISCUSSION

Counsel asks that we find the judgements of the district court below "clearly erroneous" and award the fees requested by counsel in their petitions or, alternatively, order the district court to conduct an evidentiary hearing.[1]

The statutory guideline for compensation of counsel in social security cases is set forth in 42 U.S.C. § 406. Section 406(b)(1) states:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....[2]

We clarified the meaning of the words "reasonable fee" in *Webb*, 472 F.2d at 537, a case involving an appeal by the Secretary

---

1. In arguing that the fees requested are reasonable, counsel emphasizes that, in each case, the claimant has not objected to the requested amount.

   We find this argument unpersuasive for as we noted in *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246 (6th Cir.1983):

   [A] claimant is unlikely to object to an allowance of a fee in accordance with his contingent fee arrangement, for, rightly or wrongly, he will usually give the lawyer all of the credit

   for the success in winning an award of benefits for him.
   *McKittrick v. Gardner*, 378 F.2d 872, 874 (4th Cir.1967), *quoted with approval in Lewis*, 707 F.2d at 248.

2. *Webb* makes clear that the district court should take into consideration the efforts of the attorney on behalf of the claimant before the Social Security Administration. *Id.* at 536.

of an award of attorney's fees under § 406(b)(1), and stated that the threshold inquiry is the quality and the quantity of work performed by the attorney in representation of his client.[3]

Recently, in *Kelley v. Metropolitan County Board of Education*, 773 F.2d 677 (6th Cir.1985) (*en banc*), we were asked to review an award of attorney's fees under 42 U.S.C. § 1988, the Civil Rights Attorney's Fee Act.[4] Plaintiffs challenged the amount of attorney's fees awarded by the district court, contending the hourly rate utilized by the court to calculate the compensation was inappropriate and yielded an inadequate sum. In modifying the amount of the judgement awarded by the district court, we relied on the teachings of *Northcross v. Board of Education of the Memphis City Schools*, 611 F.2d 624 (6th Cir. 1980), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980), a case involving an appeal from an award of attorney's fees under § 1988. *Northcross* set forth a framework for the determination of a reasonable attorney's fee. *Northcross* instructed:

> [A]n analytical approach, grounded in the number of hours expended on the case, will take into account all of the relevant factors [utilized in determining a reasonable attorney's fee] and will lead to a reasonable result. The number of hours of work automatically reflect the 'time and labor involved,' 'the novelty and difficulty of the question,' and 'preclusion of other employment.' The attorney's normal hourly billing rate will reflect 'the skill requisite to perform the legal service properly,' 'the customary fee,' and the 'experience, reputation and ability of the attorney.'

611 F.2d at 642–43, *quoted in Kelley*, 773 F.2d at 683.

However, in *Northcross*, we emphasized that:

> [I]f a district court decides to eliminate hours of service adequately documented by the attorneys, it must identify those hours and articulate its reasons for their elimination. The district court's failure to do so ... renders its award virtually unreviewable.

611 F.2d at 637; *See also Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir.1982) (proper review of the reasonableness of a fee award is impossible without findings set forth in the record to support the judgment of the court).

In the instant case, we reject counsel's request that we set a reasonable fee and conclude that this court is not in a position to determine whether the district court committed an abuse of discretion without adequate findings in the record explaining the court's actions and articulating the basis for its calculations. *See Monroe v. Board of Commissioners*, 505 F.2d 109 (6th Cir.1974).

For the purpose of appellate review, we believe it is sufficient, in determining the amount of hours for which counsel should be compensated, if the district court simply articulates, as it did, that the hours claimed for the tasks performed were unreasonable, the reason why the hours were unreasonable and the amount of hours that would be reasonable for such tasks.

The problem is that the district court did not make a finding as to how it calculated the amount awarded. It may be that the district court computed the amount by setting an hourly rate or rates for the hours allowed, but such does not appear in the

---

**3.** Adopting the principles articulated in *McKittrick*, 378 F.2d at 874–76, governing the award of fees under the Social Security Act, this court has stressed that given the general lack of correlation between the *amount* of a social security award and the attorney's performance, courts should remain hesitant toward "routine approval" of the statutory maximum contingency fee. *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir.1966), *quoted in Webb*, 472 F.2d at 539.

**4.** Section 1988 provides:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

record. On the contrary, all that appears is the finding that the amount of hours claimed was unreasonable, why it was unreasonable, the amount that would be reasonable and a lump sum award.

We emphasize that an evidentiary hearing is not required in every instance of an application for attorney's fees. *Lewis*, 707 F.2d at 250. We merely require the district court to articulate on the record findings of fact or conclusions of law explaining the court's reasoning and calculations performed to arrive at the fee award, sufficient to permit a meaningful review of the record.

Accordingly, the judgements of the district court below are **vacated** and the cases **remanded** for proceedings consistent with this opinion.