**Jack M. LANTER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. C–1–84–622.**

United States District Court, S.D. Ohio, W.D.

Jan. 24, 1986.

---

---

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on Plaintiff's Motion for Reconsideration of an award of attorney fees. On December 3, 1985, this Court awarded attorney fees to Plaintiff's counsel in the sum of $3,000.00 (Doc. 13). Plaintiff's counsel now seeks reconsideration of the original request of $5,000.00 and cites as authority *Bailey v. Heckler*, 777 F.2d 1167 (6th Cir.1985).

The problem of an award of attorney fees in social security cases is a perplexing one. The United States Court of Appeals for the Sixth Circuit held first in *Webb v. Richardson*, 472 F.2d 529 (6th Cir.1972) that District Courts should not routinely approve attorney fees. In *Lavender v. Califano*, 683 F.2d 133 (6th Cir.1982), the Court also pointed out that the statutory award of attorney fees under 42 U.S.C. § 406(b)(1) does not allow an automatic award of 25% of past due benefits awarded, but rather entitles counsel to a fee "not in excess of 25%".

In *Bailey v. Heckler, supra* the Court stated:

We merely require the District Court to articulate on the record findings of fact or conclusions of law explaining the Court's reasoning and calculations performed to arrive at the fee award sufficient to permit a meaningful review of the record.

By way of background it should be pointed out that the United States District Court for the Southern District of Ohio consistently has had one of the largest filings of social security appeals of any district in the United States. The Judges of this District have become exceedingly familiar with such cases. The undersigned has had personal experience in almost fifteen years with well over 1,000 of such appeals.

For many years it was thought appropriate in this Circuit automatically to award 25% of past due benefits. The Court is aware that most claimants understand from the outset that 25% is an expected fee and that counsel will charge it if successful. The contingent fee method has had a long and honorable history. It is an agreement between attorney and client and it is conditioned in part upon an understanding that if counsel is not successful no fee will be paid. The contingent fee method however is currently in disfavor. Beginning with *Lindy Bros. v. American Radiator & Standard Co.*, 487 F.2d 161 (3d Cir.1973) trial courts have been required to examine fee applications and to award a fee based upon "a reasonable number of hours times a reasonable charge per hour". The reasoning of that case has been adopted in this Circuit in the case of *Northcross v. Board of Education of Memphis School District*, 611 F.2d 624 (6th Cir.1980). "Reasonable hours" remains an elusive concept. It does not lend itself to mathematical precision and defies anything other than a case by case analysis wherein the Judge's own knowledge and experience must be involved.

An examination of a typical attorney fee request is an exercise in frustration. Counsel will frequently note "counsultation with client—½ hour". There is no way that any reviewing court can determine whether or not that counsultation was necessary, whether it did last ½ hour and whether it contributed anything to the ulti-

 

mate resolution of the case. Social security appeals follow a specific pattern. There is sometimes an appearance before an Administrative Law Judge; there is the filing of a simple complaint; there is an examination of the record; and there is an appearance before a United States Magistrate to determine the solitary question of whether or not there is substantial evidence to support the Secretary. The amount of hours required is reasonably uniform. But it has been this Court's experience that the number of hours expended and the charge per hour will almost invariably approximate 25% of the past due benefits.

After examining over 100 fee applications in social security appeals in the past three years this Court is of the opinion that in almost all cases a reasonable expenditure of time is between 20 and 30 hours. There are instances of multiple hearings and multiple appearances which have required in excess of 30 hours. In fact, there are cases which in this Court's opinion warrant fees of more than 25% of the past benefits awarded. That problem however is academic. Attorney fees by statute may not exceed 25%.

An examination of the docket entries in this case discloses nothing out of the ordinary. There was a complaint, an answer, cross-motions for summary judgment, a hearing and a remand to the Secretary for an award of benefits.

In 1983 this Court convened an ad hoc committee of knowledgeable lawyers in the City of Cincinnati to determine appropriate rates of attorney fees. The report of that committee has been filed in the Office of the Clerk of Court under No. MS-1-83-056. Based upon the conclusion of that committee the Court finds that a fee of $100.00 per hour for attorneys of the experience and ability of Plaintiff's counsel is reasonable.

The Court repeats its inability to determine on an hour by hour and minute by minute basis whether or not the time claimed should have been expended. The Court holds only that based upon its experience with social security appeals, a matter having no more complexity than this case had should be completed within 20 to 30 hours. Allowing Plaintiff's counsel 30 hours and allowing the rate of $100.00 per hour for such services, leads to the conclusion that $3,000.00 is an appropriate fee.

So long as this Court is constrained by the law of this Circuit as set forth in *Lavender v. Califano* an automatic award is not proper and an inquiry must be made in each case. In the absence of a hearing which the *Bailey* court states is not required, this Court relies upon its own experience and its own knowledge of what is involved in a social security appeal.

The Motion for Reconsideration is hereby DENIED. The Court invites counsel to have this matter reviewed by the United States Court of Appeals for the Sixth Circuit in an effort to determine whether or not a trial court's own experience and background knowledge may suffice to explain the Court's reasoning and calculations performed as required in the *Bailey* case.

It is so ORDERED.