798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James CONNOR (85-3586) Calvin H. Kohl (85-3592), Plaintiffs-Appellants,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 Nos. 85-3586, 85-3592.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1986.
 
 Before KEITH and NELSON, Circuit Judges and ED WARDS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is a consolidated appeal from two district court orders granting attorney's fees lower in amount than those requested by counsel. Counsel submitted two applications for attorney's fees after securing benefits for plaintiff Connor and plaintiff Kohl. Pursuant to contingency fee agreements with the plaintiffs, counsel requested the statutory maximum of 25% of back-benefits awarded. The two applications included itemized accountings of services and total hours expended but no schedules of customary fees or memoranda justifying the requested fees under the factors espoused in McKittrick v. Gardner, 378 F.2d 872 (4th Cir. 1967). In the Connor case, the district court determined counsel's requested fee of $8,776.04 was unreasonable for this type of case. The court concluded that $3,525 for thirty-five and a quarter hours constituted a reasonable fee. In Kohl v. Schweiker, the court also rejected counsel's requested maximum fee of $6,868 and awarded $3,300 for thirty-three hours counsel expended on behalf of plaintiff Kohl. We affirm the district court awards.
 
 
 2
 On appeal counsel asks this Court to remand these awards for a determination of the fees under the explicit factors enunciated in McKittrick v. Gardner, 378 F.2d 872 (4th Cir. 1967). We decline to do so, Counsel does not contend the district court awards are unreasonable. Instead, counsel seeks fee determination guidelines which preclude use of the reasonable fee analysis grounded in the number of hours expended. See Kelley v. Metropolitan County Board of Education, 773 F.2d 677 (6th Cir. 1985) (en banc), cert denied, 106 S.Ct. 853 (1986); Northcross v. Board of Education of the Memphis City Schools, 611 F.2d 624 (6th Cir. 1979), cert. denied, 447 U.S. 911 (1980). Counsel contends reasonable fee analysis should be limited to the "quality and quantity" factors enunciated in Webb v. Richardson, 472 F.2d 529 (6th Cir. 1972) and McKittrick v. Gardner, supra.
 
 
 3
 In this Circuit, district courts determining a reasonable attorney's fee are instructed to consider factors enunciated in Webb and McK ittrick as well as the Northcross analysis. Bailey v. Heckler, 777 F.2d. 1167, 1169-70 (6th Cir. 1985). Nothing in the record indicates the district court at bar excluded consideration of the quality of counsel's representation or based the awards solely on the number of hours expended and a permanently fixed flat rate. In fact, in determining counsel's fee in the Connor case, the district court specifically noted it should consider the quality of representation and cited Webb v. Richardson, supra. As counsel concedes, the fees awarded below are not unreasonable. Accordingly, the district court orders granting attorney's fees are hereby affirmed.