802 F.2d 457
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy ELLINGTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1663.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1986.
 
 Before KENNEDY and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Following a successful appeal to this court, counsel for Social Security plaintiff Roy Ellington petitioned the district court for an attorney fee award of $8,403.00, an amount equal to 25 percent of the recovery made, the statutory maximum. 42 U.S.C. Sec. 406. In support of his petition, counsel submitted an accounting showing 76.75 hours of preparation and $910.50 in expenses. The district court found that the total number of hours was unreasonable and, giving specific reasons,disallowed 39 of the hours accounted for. The district court then denied counsel's petition for attorney fees of $8,403.00, but granted a lump sum attorney fee award of $4,026.25, which included allowable expenses. Counsel appeals from the denial of his petition.
 
 
 2
 This court faced a similar set of circumstances in Bailey v. Heckler, 777 F.2d 1167 (6th Cir.1985), a case decided after the district court's attorney fee award in the instant case. In Bailey, the district court found that the number of hours claimed by counsel was unreasonable and indicated the number of hours it found to be reasonable; however, the court made no calculation on the record showing the relationship between the number of reasonable hours and the ultimate award. We remanded the case to the district court so that it could make a finding on the record as to how it had calculated the amount awarded and, thereby, enable us to conduct a meaningful review.
 
 
 3
 Here, too, we find no calculation on the record relating the number of hours to the ultimate award. While neither the district court nor counsel provides a precise calculation showing the relationship between the hours worked and the ultimate award, we acknowledge that one may calculate apparent hourly rates from the district court's decision ($106.66) and from the applicant's claim ($109.49), and that the rates may seem quite similar. However, without a showing on the record as to what the district court had in mind when setting the fee, this court cannot conduct a meaningful review of the award. Accordingly, we vacate the district court's order and remand so that the district court may, in light of Bailey, provide a specific accounting in support of the amount it finds reasonable.
 
 
 4
 On this record, we intimate no opinion as to the district court's exercise of discretion in reducing the number of hours claimed, nor do we intimate any opinion in regard to the use of a number of auxilliary factors urged by the plaintiff's lawyer at the oral argument before this court (e.g., contingency, novelty, complexity, and importance).
 
 
 5
 VACATED and REMANDED.