892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harley HUBBS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1452.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1990.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Bernstein & Bernstein, P.C., which represented a successful Social Security disability claimant, Harley Hubbs, appeals the district court's award of attorney fees. Because we find that the district court did not abuse its discretion in determining that counsel would receive a windfall if the fee that is claimed were allowed, we affirm the decision of the district court in that respect; we remand, however, for the district court to enter an order correcting the total number of hours allowed.
 
 
 2
 This case is before our court for the third time. In Bailey v. Heckler, 777 F.2d 1167 (6th Cir.1985), with which this case was consolidated on appeal, we remanded the matter because there were inadequate findings in the record for us to determine whether the district court had abused its discretion in setting the fee. After the district court reconsidered and altered the fee, the law firm again appealed the award, and our court, after an en banc hearing of consolidated cases concerning attorney fee awards in Social Security matters, remanded the case again for the district court to reconsider its award in light of our en banc opinion. Rodriguez v. Bowen, 865 F.2d 739 (6th Cir.1989). The district court increased the fee, but only to reflect an increase in the hourly rate for administrative time and court time in the Eastern District of Michigan. The firm now appeals the award again, contending that the district judge failed to follow the guidelines we announced in Rodriguez for determining a reasonable fee.
 
 
 3
 In Rodriguez, this court held that when a Social Security claimant and his attorney enter into a contingent fee agreement that the attorney will receive twenty-five percent of the total amount of benefits awarded, the agreement create a rebuttable presumption that that amount is reasonable. However, the district court has the ultimate responsibility to determine the reasonableness of a fee award, see 42 U.S.C.A. 406(b)(1) (1982), but that court may alter the amount of the fee only if it gives sufficient reasons for its downward departure. Rodriguez lumped possible reasons for a departure into two general categories: (1) improper conduct ineffectiveness of counsel, resulting in delay which would thereby increase the award due and thus increase the contingent fee; and (2) attorney windfall due to an inordinately large award or minimal attorney effort. 865 F.2d at 746. The court made the following statement about windfall:
 
 
 4
 typically the number of hours required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.
 
 
 5
 Id. at 747.
 
 
 6
 In the instant case, Hubbs was successful in obtaining benefits for himself and his family. The contingent fee contract between him and his counsel called for twenty-five percent of all benefits awarded. Counsel has petitioned, however, for only twenty-five percent of the amount awarded to Hubbs personally. Counsel argues that because he voluntarily has thus reduced the requested amount from $15,930.65 to $9,511.55, we should determine that the $9,511.55 is a reasonable amount. We disagree.
 
 
 7
 The amount of fee requested that is before this court is $9,511.55, which is twenty-five percent of the award to Hubbs. The district judge had the responsibility to determine whether the requested amount was reasonable. He found that it was not, that it constituted a windfall. He stated that the pleadings were boilerplate, there were minimal factual investigation and legal research, and no extensive effort was required in the case. He reduced the 92.25 hours claimed by 41.75 hours, in part because he felt that some tasks should have taken less time than the hours charged and in part because he apparently felt that hours were inflated for other tasks.
 
 
 8
 We find that the district court sufficiently followed this court's en banc judgment in Rodriguez. The district judge is in a better position than we to determine in a particular Social Security case how much time an attorney should take to complete required tasks. Whether we would have reached a different conclusion is not the standard, and based on the record before us, we cannot say that we are firmly convinced that the district judge made a mistake, In re Bendectin, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 109 S.Ct. 788 (1989). We hold, therefore, that there was no abuse of discretion in this case in determining that counsel are seeking a windfall. We note, however, that after having given reasons for subtracting 41.75 hours from the 92.25 hours requested, the district judge arrived at a figure of 45 hours, which he further divided into 24 hours of administrative time at $75.00 per hour and 21 hours of court time at $100.00 per hour. The difference between 92.25 hours and 41.75 hours is, of course, 50.5 hours, rather than 45 hours. We remand to the district court, therefore, for the sole purpose of entering a fee award based on 50.5 hours, which is to be further divided into 24 hours of administrative time and 26.5 hours of court time, for a total of 50.5 hours. The case is REMANDED to the district court for entry of judgment consistent with this opinion.