Lillie THOMPSON, SSN: 288–38–3577, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. C–1–89–257.

United States District Court, S.D. Ohio, W.D.

Jan. 23, 1991.

James Roy Williams, Young, Reverman & Napier Co., Cincinnati, Ohio, for plaintiff.

Joseph E. Kane, U.S. Atty., Columbus, Ohio, Barbara F. Altman, Asst. Regional Counsel, Office of Gen. Counsel, U.S. Dept. of Health & Human Services, Chicago, Ill., for defendant.

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

SPIEGEL, District Judge.

This matter is before the Court on the motion by the plaintiff's counsel, James Roy Williams, Esq., for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) in the amount of $2728.50 (doc. 21). The Secretary has filed a memorandum in opposition to the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (doc. 22), to which the plaintiff has replied (doc. 23).

The EAJA provides for an award of reasonable attorney fees and other expenses to a prevailing party in litigation against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The proper test for determining whether the government's position was substantially justified is whether the "position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Pierce v. Underwood,*

487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Jankovich v. Bowen,* 868 F.2d 867, 869 (6th Cir.1989). We must consider both the government's litigation and agency positions in determining whether there was substantial justification for its stance. 28 U.S.C. § 2412(d)(2)(D).

After reviewing the record in this case, we conclude that the government's position was not substantially justified. Administrative Law Judge Edward H. Tiley found that the plaintiff suffers from a severe mental impairment due to depression, which impairs her ability to tolerate stress. The ALJ found that the plaintiff has also suffered from suicidal ideation. However, the ALJ concluded that the plaintiff is capable of performing her past relevant work as a packer at a grocery warehouse, which the ALJ found to be not unusually stressful. The United States Magistrate, the Honorable Robert A. Steinberg, concluded that the decision of the ALJ was not supported by substantial evidence, and recommended that judgment be granted for the plaintiff. This Court accepted the Magistrate's Report and Recommendation. In doing so, this Court noted that the plaintiff was unrepresented at the hearing before the ALJ and that "[t]he medical evidence overwhelmingly indicates that the plaintiff lacks the ability to deal with *any* level of work stress...." (emphasis in original).

The plaintiff's attorney then filed for an award of attorney's fees under the Equal Access to Justice Act (EAJA). The defendant contends that the Secretary's position in this case was substantially justified. Alternatively, the defendant asserts that if EAJA fees are awarded, this Court should reduce the amount requested by plaintiff's counsel. Because the evidence demonstrated that the plaintiff lacked the capability to deal with any work stress, yet the Secretary denied benefits, we find that the plaintiff is entitled to attorney's fees under the EAJA.

Having concluded that the plaintiff is entitled to recover reasonable attorney's fees and expenses under the EAJA, we must now determine the amount of a reasonable award. The EAJA provides that

"attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The plaintiff's attorney is seeking a cost of living increase from $75 per hour to $102 per hour.

The Secretary argues that this Court should reject the plaintiff's request for a cost of living increase in light of the decision of the Sixth Circuit Court of Appeals in *Chipman v. Secretary of Health and Human Services,* 781 F.2d 545 (6th Cir. 1986). In *Chipman,* the Sixth Circuit held that the district court had not abused its discretion by refusing to augment an award of attorney's fees under the EAJA to compensate for the rise in the cost of living since its enactment. The Sixth Circuit ruled, in part, as follows:

> [W]e think it important that the $75 statutory rate is a ceiling and not a floor. Moreover, we note that Congress, in re-enacting 28 U.S.C. § 2412(d) on August 5, 1985, did not raise the $75 maximum hourly rate despite the rise in the cost of living since its original enactment in 1980. *See* Pub.L. No. 99-80, § 6, 99 Stat. 186 (1985). Accordingly, we do not believe the district court abused its discretion in determining that the fees awarded should not exceed $75 per hour even though the cost of living may have indeed risen since the enactment of the EAJA.

*Chipman,* 781 F.2d at 547.

■ The *Chipman* decision leaves open the question of when it would be an abuse of discretion to *grant* a cost of living increase to the statutory ceiling of $75 per hour under the EAJA. The district courts have reached a variety of conclusions to this question. *Compare Johnson v. Meese,* 654 F.Supp. 270, 272 n. 2 (E.D.Mich.1987) (denying cost of living increase because *Chipman* strongly suggests that trial courts should refrain from upward adjustments due to inflation) *with Willis v. Sullivan,* 730 F.Supp. 785, 788–89 (M.D.Tenn.

1990) (awarding cost of living increase to attorneys who were very experienced in the area where the adjusted hourly rate was just under the top prevailing market rates) *and Holden v. Bowen,* 668 F.Supp. 1042, 1047–48 (N.D.Ohio 1986) (awarding a cost of living increase which resulted in a $94.09 hourly rate where the prevailing market rate was $115 per hour).

We recently concluded that the *Chipman* decision prevents the Court from enhancing EAJA awards to compensate for inflation. *See United States v. Dorothy Coal Sales, Inc.,* Case No. C–1–87–287 (S.D.Ohio August 9, 1990). Upon reconsideration of this matter, however, we conclude that *Chipman* does not preclude this Court from augmenting the award of attorney's fees under the EAJA with cost of living increases. Instead, we believe that the Sixth Circuit's decision indicates that the Court should not automatically award a cost of living adjustment. Therefore, we find that *Chipman* has left the issue of cost of living adjustments to the sound discretion of the trial courts.

■ In exercising our discretion to award a cost of living adjustment, we must consider Congress' purpose in enacting the EAJA. Congress' primary purpose was to ensure that individuals who have been subjected to unreasonable governmental action are not deterred from vindicating their rights by the costs of litigation. *See Immigration and Naturalization Service v. Jean,* 496 U.S. 154, n. 14, 110 S.Ct. 2316, 2322 n. 14, 110 L.Ed.2d 134 (1990); *Trichilo v. Secretary of Health and Human Services,* 823 F.2d 702, 704 (2d Cir.1987). The $75 per hour ceiling on attorney's fees represents the subordinate interest of minimizing the cost to the taxpayers of providing representation for these individuals. In expressly providing for cost of living increases, however, Congress recognized that the ceiling on attorney's fees combined with inflation could defeat the primary purpose of the EAJA. *See Action on Smoking and Health v. Civil Aeronautics Board,* 724 F.2d 211, 217 (D.C.Cir.1984). Therefore, we should award cost of living increases to the extent necessary to ensure

adequate representation to aggrieved individuals. However, at the same time, we should remember that the $75 per hour limit is a ceiling and not a floor. *See Chipman*, 781 F.2d at 547.

Accordingly, we must conduct two separate inquiries before awarding a cost of living increase. First, we must determine the prevailing market rate for services of the kind and quality provided. Second, we must determine that an increase in the cost of living justifies raising the statutory ceiling on hourly rates. If the Court concludes that a cost of living increase is warranted, the Court may not raise the hourly rate above the prevailing market rate. This would defeat Congress' intent to provide adequate representation while minimizing the cost to taxpayers.

■ Having set forth the circumstances that justify the award of a cost of living increase under the EAJA, we are confronted by a second question raised by the Sixth Circuit's decision in *Chipman*. We must determine whether a cost of living increase should be based on inflation since October of 1981 when the EAJA was enacted or on inflation since August of 1985 when the EAJA was "reenacted." The district courts have also split on this issue. *Compare Holden v. Bowman*, 668 F.Supp. 1042, 1047 (N.D.Ohio 1986) (adjusting award for inflation since 1981) *with Willis v. Sullivan*, 730 F.Supp. 785, 789 (M.D.Tenn.1990) (adjusting award for inflation since 1985). In *Willis v. Sullivan*, the court read the Sixth Circuit's statement in *Chipman* that the EAJA had been "reenacted" in 1985 without raising the $75 ceiling to indicate that the 1985 reenactment date was "an acceptable reference point for computing adjustments for inflation." *Willis*, 730 F.Supp. at 788. The court in *Holden v. Bowen*, however, found that the Sixth Circuit's statement that the EAJA had been "reenacted" in 1985 was incorrect *dicta*, and that the proper reference point for calculating cost of living increases was the original enactment date in 1981. While we are not prepared to rule that the Sixth Circuit's finding that the EAJA was "reenacted" was incorrect *dicta*, we do not believe that we should assign "talismanic significance" to the term "reenacted" in determining the proper date of reference for computing cost of living increases. *See Sierra Club v. Secretary of the Army*, 820 F.2d 513, 521 n. 7 (1st Cir.1987); *Trichilo*, 823 F.2d at 705, 707. Instead, we must focus on the intent of Congress when it "reenacted" the EAJA in 1985 to determine whether it intended to "reset the clock" on the calculation of cost of living increases.

When the EAJA was originally enacted it contained a "sunset provision" that repealed 28 U.S.C. § 2412(d) after a three year trial period on October 1, 1984. Pub.L. No. 96–481, § 204(c), 94 Stat. 2321, 2329 (1980). As the end of the trial period approached, Congress reviewed the results of the EAJA and approved its continuation. However, President Reagan vetoed the bill, and the Congress was not able to continue the EAJA before it expired on October 1, 1984. *See Trichilo*, 823 F.2d at 705. Therefore, Congress "reenacted" the EAJA as a permanent measure, along with a number of clarifying amendments on August 5, 1985. Pub.L. No. 99–80, 99 Stat. 183 (1985). The reenactment provided that § 2412(d) "shall be effective on or after the date of the enactment of this Act as if [it] had not been repealed" by the sunset provisions of the original EAJA. Pub.L. No. 99–80, § 6, 99 Stat. 183, 186 (1985). Neither the 1985 Act nor its legislative history reflect that Congress ever contemplated the dollar amount of the ceiling on attorney's fees when reenacting the EAJA.

Although Congress could have raised the $75 rate to compensate attorneys for the rise in the cost of living between 1981 and 1985 when reenacting the EAJA, its failure to do so does not indicate that Congress intended to preclude attorneys from recovering an adjustment for those years. Instead, it suggests that Congress intended to provide cost of living increases for those years through the adjustment mechanism already contained in the statute by directing that § 2412(d) be effective "as if [it] had not been repealed." Therefore, lacking clearer guidance from the Sixth Circuit Court of Appeals, we will follow the well-reasoned opinions of the majority of Circuit

Courts that have concluded that cost of living increases under the EAJA should be calculated from October 1, 1981. *See Jean v. Nelson*, 863 F.2d 759, 774 (11th Cir.1988), *aff'd*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *Ramon–Sepulveda v. Immigration and Naturalization Service*, 863 F.2d 1458, 1464 (9th Cir.1988); *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988); *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702, 707 (2d Cir.1987); *Allen v. Bowen*, 821 F.2d 963, 967 (3rd Cir.1987); *Sierra Club v. Secretary of the Army*, 820 F.2d 513, 523 (1st Cir.1987); *Hirschey v. Federal Energy Regulatory Commission*, 777 F.2d 1, 5 (D.C.Cir.1985).

■ We now turn our attention to the plaintiff's request for a cost of living increase that would raise the hourly rate to $102.00. The burden of satisfying the Court that the fees claimed are in fact reasonable is on the fee applicant. *Ashton v. Pierce*, 580 F.Supp. 440, 441 (D.D.C. 1984). In support of his fee request, the plaintiff's counsel attached data from the Consumer Price Index prepared by the Bureau of Labor Statistics of the United States Department of Labor for the Cincinnati area. Also, the plaintiff's counsel has cited one case, *Lanter v. Heckler*, 656 F.Supp. 19 (S.D.Ohio 1986), in which The Honorable Carl B. Rubin recognized that $100.00 per hour was not an unreasonable fee for social security cases in the Cincinnati area. This Court agrees with Judge B. Rubin that $100.00 per hour is not an unreasonable fee. However, *Lanter* involved the Social Security Act, 42 U.S.C. § 406(b)(1) rather than the EAJA. Further, there is a difference between a fee that is not unreasonable and the prevailing market rate. Thus, although the data provided by the plaintiff is useful in determining whether an increase in the cost of living justifies raising the statutory ceiling, the plaintiff failed to provide any evidence regarding the prevailing market rate for services of the kind and quality provided in this case. As we have previously stated, the award of a cost of living increase is not automatic and one should only be granted in order to ensure adequate representation.

Therefore, absent any evidence regarding the prevailing market rate for the services provided in this case, we are unable to find that a cost of living increase in the $75 ceiling is necessary to provide adequate representation to the plaintiff. Accordingly, we will award attorney's fees at a rate of $75 per hour.

■ In order to determine the amount of a reasonable award of attorney's fees, we must now multiply the $75 hourly rate by the number of hours the plaintiff's counsel reasonably expended in the course of this litigation. The plaintiff has attached an itemized list of the 26.75 hours expended in this litigation. The plaintiff has supplemented that list to include a fee for the 2 hours spent in preparing the response to defendant's objections to the fee application. The United States Supreme Court has recently ruled that a party may recover a fee for time spent in preparing an EAJA fee application, without a finding that the government's opposition to the fee application itself was not substantially justified. *Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Having reviewed the plaintiff's fee application, we conclude that the 28.75 hours the plaintiff's counsel expended in the successful representation of the plaintiff was reasonable.

Therefore, we find that $2156.25 is the amount of a reasonable award of attorney's fees under the EAJA in this case. We arrived at this figure by multiplying the 28.75 hours expended in this case by a rate of $75 per hour. Accordingly, the plaintiff is hereby awarded attorney's fees in the amount of $2156.25 pursuant to the EAJA.

SO ORDERED.