**Dale CLEVENGER**

v.

**Shirley CHATER, Commissioner of Social Security.**

**Civil Action No. 93–470–A.**

United States District Court, M.D. Louisiana.

June 10, 1997.

Margaret A. Restucher, Barkan & Neff, New Orleans, LA, for Plaintiff.

Lyman E. Thornton, III, Asst. U.S. Atty., Baton Rouge, LA, for Defendant.

## RULING

JOHN V. PARKER, Chief Judge.

The court, after carefully considering the petition, the record, the law applicable to this

action, and the Supplemental Report and Recommendation of United States Magistrate Judge Stephen C. Riedlinger dated May 2, 1997, to which no objection has been filed, hereby approves the report and recommendation of the magistrate judge and adopts it as the court's opinion herein.

Accordingly, the motion of plaintiff for attorney's fees pursuant to 28 U.S.C. § 2412 is granted, and plaintiff is awarded attorney's fees in the amount of $1,825.00 and $120.00 in costs. The $75.00 cap specified in 28 U.S.C. § 2412(d)(2)(A)(ii) is adjusted upward to $100.00 per hour based on the cost of living factor set forth in that provision, for attorney's fees motions brought pursuant to the Equal Access to Justice Act.

## SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT

RIEDLINGER, United States Magistrate Judge.

This matter is before the court on the plaintiff's application for attorney fees under the Equal Access to Justice Act (EAJA). After the Fifth Circuit decided *Hall v. Shalala,* 50 F.3d 367 (5th Cir.), *reh'g denied,* 62 F.3d 398 (5th Cir.1995), the district judge referred the matter back to the magistrate judge for further consideration in light of *Hall.*[1] The Commissioner filed a supplemental memorandum contending that the *Hall* decision supports its position that the court should not compensate for attorney's fees above the $75.00 rate set forth in the statute.

Plaintiff submitted nothing new in support of the motion for attorney's fees. Plaintiff merely asserted that because *Hall* allows for adjustment of the $75.00 cap due to inflation,

the court should award fees in this case at the $75.00 statutory rate adjusted for inflation for the years 1989 through 1994.[2] Plaintiff relied upon evidence of cost of living increases for those years,[3] and an affidavit which included information on counsel's education and legal experience.

The Commissioner did not dispute the cost of living evidence or calculations submitted by the plaintiff, but maintained that the plaintiff has not presented sufficient evidence to establish entitlement to an increase in the $75.00 rate based on inflation. The Commissioner contended that *Hall* did not overrule *Baker v. Bowen,* 839 F.2d 1075, 1083–84 (5th Cir.1988), and in fact reaffirmed that whether to grant a cost of living increase is within the discretion of the court. The government also argued that under the Fifth Circuit precedents, a mere demonstration that the cost of living in an area has increased is insufficient to justify an hourly rate above $75.00. The Commissioner also asserted that the plaintiff is not entitled to an enhanced hourly rate unless he submits evidence that such an enhancement is necessary to ensure an adequate source of legal representation for social security claimants in this locality.

■ The starting point in resolving this issue must be the language of the statute which defines "fees and other expenses." Section 2412(d)(2)(A) of the EAJA states that fees and other expenses includes reasonable attorney fees.[4] On the issue of the amount of attorney's fees to award, the statute specifically states that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services

---

1. This supplemental report incorporates by reference the discussion at pages 1 through 4 of the original report, and the finding that the plaintiff is entitled to an award of attorney's fees under the EAJA because he is a prevailing party and the position of the government was not substantially justified. Record document number 21. Also incorporated by reference is the finding that the amount of attorney time submitted for compensation, 18.25 hours, is reasonable. The only issue that must be addressed is the appropriate hourly rate to compensate for the attorney time spent in litigating this case before the court.

2. Adjusting the $75.00 statutory rate upward based on the CPI–U for the years 1989 through 1994, the plaintiff urged that the following rates be set: $100.45 for 1989; $106.75 for 1990; $109.94 for 1991; $112.66 for 1992; $116.03 for 1993; and $119.51 for 1994. Record document number 26.

3. Plaintiff attached a copy of the "U.S. city average" of the "Consumer Price Index" for "All Urban Consumers–CPI–U," compiled by the U.S. Department of Labor, Bureau of Labor Statistics.

4. 28 U.S.C. § 2412(d)(2)(A).

furnished."[5] This statement is immediately qualified with two exceptions, one of which is directed to the setting of attorney fees: "attorney fees shall not be awarded in excess of $75.00 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

■ The plain language of the statute establishes Congress' clear intent that in awarding a reasonable attorney's fee under the EAJA, the court is to award a fee based on "prevailing market rates for the kind and quality of the services furnished."[6] This prevailing market rate is subject to the $75.00 cap which may be adjusted. For the cap to have any effect the prevailing market rate must exceed the cap, which may or not be adjusted for inflation.

■ The cases do not focus on the statute's initial requirement to award fees based on prevailing market rates, except that *Pierce v. Underwood*[7] and *Hall* clearly state that prevailing market rates cannot be used as a "special factor" to justify a fee greater than the statutory maximum.[8] *Pierce* and *Hall*, as well as the Fifth Circuit decision in *Baker v. Bowen, supra*, make it clear that setting a rate above $75.00 is not automatic merely because the plaintiff presents evidence that in a particular locale there has been an increase in the cost of living since the EAJA was enacted in 1981.[9]

In *Baker* the court provided the following guidance for district courts when determining whether to adjust the cap for inflation: (1) Congress intended to provide an allowance for cost of living increases; (2) while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it; (3) except in unusual circumstances, if there is a significant difference in the cost of living since 1981 that would justify an increase, then an increase should be granted; (4) though it is a significant indicator, the statute does not necessarily require that attorney's fee awards track the cost of living index for a particular area; (5) in order to satisfy the dual goals of the statute, which are to ensure adequate representation and minimize the costs of this representation to taxpayers, rates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorney's fees have increased since 1981; and (6) the cost of living adjustment must be given the same careful analysis and justification required for other special factors, the only difference being that the decision is not an individualized one. *Baker*, 839 F.2d at 1084.

*Hall* cited with approval the statement in *Baker* that the court need not track the cost of living increases to set a reasonable fee, and concluded that it was not improper for the district court to consider the goals of the EAJA in arriving at a reasonable rate of compensation within the cap adjusted for inflation. *Hall*, 50 F.3d at 370. The court ultimately held that it was not an abuse of discretion for the district court to adjust the $75.00 cap upward due to inflation, but then set a lower reasonable hourly rate of $75.00 by considering the goals of the statute.

5. *Id.*

6. The language of the statute clearly contemplates the application of the lodestar method of calculating attorney's fees. However, the method is limited in the context of the EAJA by the $75.00 cap, absent a cost of living increase or a special factor. Gregory C. Sisk, *The Essentials of the Equal Access to Justice Act: Court Awards of Attorney's Fees for Unreasonable Government Conduct (Part Two)*, 56 La.L.Rev. 1, 109 (1995).

7. 487 U.S. 552, 573, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988).

8. "However, the Supreme Court has made it equally clear that reasonable market rates for attorneys cannot be considered as a special factor justifying an upward adjustment of the cap." *Hall*, 50 F.3d at 369. The reference to "special factor" in this context is clearly directed to the separate and second method that Congress provided for fees to be awarded at an hourly rate above $75.00.

9. This is the year of enactment of the EAJA and the year from which any cost of living adjustments must be calculated. *See, State of Louisiana v. Lee*, 853 F.2d 1219, 1226 (5th Cir.1988); *Baker*, 839 F.2d at 1084.

■ It is clear after review of the parties' arguments, that neither of their positions is supported by the plain language of the statute or case law. Plaintiff's motion in essence treats the $75.00 rate, adjusted for cost of living increases, as an automatic, statutory minimum. Yet, it is evident from the statute and jurisprudence that the cap, adjusted for inflation, is a ceiling.[10] The court exercises its discretion to set a reasonable hourly rate at or below this ceiling by considering the prevailing market rates for the kind and quality of the services furnished.[11] The court may also consider the guidelines set forth in *Baker*. Thus, to automatically award the hourly rates advanced by the plaintiff would be contrary to Congress' declaration that EAJA fees be awarded based upon prevailing market rates, and inconsistent with the guidelines provided by the case law on how the district court should exercise its discretion.

■ At the same time the Commissioner's arguments are also unpersuasive. The Commissioner maintains that the court must award fees based on a rate of $75.00 per hour because the plaintiff has not come forward with any evidence that compensation at this level will cause attorneys to cease representing social security claimants, or that a significant number of claimants have abandoned court cases or filed pro se cases because of the $75.00 statutory cap. Though a reading of *Baker* might suggest that such evidence is required, neither *Baker* nor *Hall* hold that the plaintiff must submit this type of evidence in order to obtain a cost of living adjustment.

■■ To deny the plaintiff's request for an increase solely on this basis is also not supported by the *Baker* court's statements concerning the inflation factor. In *Baker* the court stated that except in unusual circumstances, if there is a significant difference in the cost of living since 1981 in a particular locale that would justify an increase in the fee, an increase should be granted. *Baker*, 839 F.2d at 1084. Both *Hall* and *Baker* support the principle that an enhanced fee due to an increase in the cost of living does not have to match the cost of living index. The cases do not hold that in order for the court to make this determination, which includes consideration of the goals of the statute, the court must have the type of evidence suggested by the Commissioner. The effect of adopting such an interpretation might effectively eliminate the cost of living adjustment which Congress clearly intended to provide. As the court stated in *Baker*, the cost of living provision "reflected Congressional awareness that with inflation the fee-limiting provision could defeat the purpose of the statute." *Id.*[12]

■ Neither *Pierce* nor the Fifth Circuit decisions discuss the interrelationship between the cap adjusted for inflation and the first requirement of the EAJA—that the fee be set in accordance with prevailing market rates for the kind and quality of the services provided. The plain language of the statute requires that the court first determine prevailing market rates, and if that rate exceeds $75.00, then determine if some increase in the cap is justified based on inflation. Other persuasive authority supports

10. *Pierce* treated the cost of living adjustment as part of the cap itself. *Pierce*, 487 U.S. at 571–74, 108 S.Ct. at 2553–54; *Hall*, 50 F.3d at 369. The cap, adjusted for inflation, cannot be exceeded absent a finding of other special factors, and in its discretion the district court may find that a fee below the established ceiling is a reasonable fee based on the facts of a particular case. *Hall*, 50 F.3d at 370.

11. This goes back to the EAJA's first requirement in setting the amount of the fee award. Consideration of prevailing market rates is not precluded by *Baker* or *Hall* which only state that market rates for attorneys cannot be considered as a special factor to allow an increase above the cap.

*Hall* states that the cost of living factor is treated as part of the cap itself, and neither it or the other cases state that the court cannot consider prevailing market rates in determining a reasonable fee within the cap.

12. "[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Commissioner, I.N.S v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 2321, 110 L.Ed.2d 134 (1990). In 1990 when the Supreme Court decided *Jean*, it noted that 90 percent of EAJA awards were made in cases involving the Department of Health and Human Services. *Id.* at n. 12.

this view.[13] In *Meyer v. Sullivan,* the court stated that the EAJA establishes a two step analysis for determining an appropriate hourly rate. The first step is to determine the market rate for similar services provided by lawyers of comparable skill and experience. If the market rate is greater than $75.00, then the court determines whether to adjust the hourly fee upward based on a special factor or an increase in the cost of living. This view is consistent with the fact that the $75.00 figure in the statute is a ceiling, not a substitute for the prevailing rate. If prevailing market rates for legal services in a community have risen more slowly than the overall increase in the cost of living, the current prevailing rate for an attorney, even though higher than $75.00 an hour, may remain lower than the adjusted statutory ceiling. Stated another way, if the current prevailing rate in a community remains below the statutory cap as adjusted upward by an increase in the cost of living, the lower prevailing rate remains the maximum that can be awarded.[14] Thus, the court may not simply assume that every attorney appearing before it charges rates that meet or exceed the statutory rate as adjusted for inflation. *See,* Sisk, *supra,* at 120–21,129.

The affidavit submitted with the plaintiff's motion contains no information about counsel's usual billing rate, and no evidence was submitted showing the customary billing rates of other attorneys with comparable education and experience who handle similar cases. However, the court has sufficient experience in awarding attorney's fees under the Social Security Act to accurately determine the prevailing market rate for the attorney's services.[15] Pursuant to 42 U.S.C. § 406(b)(1) the district court has awarded fees at hourly rates ranging from $75.00 to $130.00 an hour. The $75.00 rate was set in only one case in 1989.[16] In four out of six cases all decided in 1990, fees were awarded at rates over $100.00 per hour.[17] These facts are sufficient to conclude that since 1990 prevailing market rates for representing social security claimants have been over $100.00 and therefore exceed the $75.00 cap specified in the statute.

The court must then determine whether the cap should be adjusted upward for inflation. The government does not dispute the cost of living index and calculations submitted by the plaintiff.[18] The court in *Baker* stated that the cost of living index is a significant indicator. Based on this information it appears that an adjustment of the

---

**13.** *See, Meyer v. Sullivan,* 958 F.2d 1029, 1033 (11th Cir.1992); *Thompson v. Secretary of Health & Human Services,* 790 F.Supp. 753, 756 (S.D.Ohio 1991).

**14.** A cost of living increase results in an adjustment only to the statutory ceiling, and not to the prevailing rate. *See, Levernier Constr., Inc. v. United States,* 947 F.2d 497, 503–04 (Fed.Cir. 1991). The EAJA authorizes the award of the lower of either the prevailing market rate or $75.00 per hour plus a cost of living adjustment or other enhancement. *Id.* This is consistent with *Hall,* in which the court stated that the district court was correct in adjusting the $75.00 cap upward due to inflation. *Hall,* 50 F.3d at 370.

**15.** On the subject of prevailing community rates, "the court itself is an expert on the question and may consider its own knowledge and experience in determining the appropriate hourly rate." Sisk, *supra,* at 121, *citing, Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir.1988).

Requiring supplemental affidavits in this case would result in further delay and is unnecessary given the court's knowledge and experience with

prevailing market rates in the community for this type of representation.

**16.** *Addison v. Bowen,* CV 86–517–B–1.

**17.** *Herson v. Bowen,* CV 88–97–B–1 ($130.00 an hour); *Sproles v. Bowen,* CV 88–139–A–1 ($125.00 an hour); *Stafford v. Heckler,* CV 85–1086–A–1 ($115.00 an hour); *Johnson v. Bowen,* CV 88–140–B–1 ($110.00 an hour); *Evans v. Heckler,* CV 83–980–A–1 ($90.00 an hour).

**18.** As already noted, the plaintiff relied upon the CPI–U index. The Fifth Circuit in *Bode v. U.S.,* 919 F.2d 1044, 1053 n. 8 (5th Cir.1990), indicated that the district court has flexibility in choosing the particular index, and that the CPI–U would be an appropriate index to use in determining the cost of living adjustment. The provision involved in *Bode,* a tax case, contained the same language used in the EAJA, and in making its statement about the cost of living index the court relied upon EAJA motions brought in social security cases where the courts utilized the CPI–U. *Id. See also, Taylor Group, Inc. v. Johnson,* 919 F.Supp. 1545, 1552 (M.D.Ala.1996); *Sisk, supra,* at 137.

$75.00 cap for inflation would result in hourly rates ranging from $100.45 to $119.51 for the years 1989 through 1994. Considering the dual goals of the EAJA along with the inflation factor, an increase in the cap to $100.00 is justified. Given the undisputed increase in the cost of living since 1981, a $25.00 increase in the cap will continue to ensure an adequate source of representation. Since this upward adjustment does not track the cost of living index, and is not the maximum amount that the cap could be adjusted, this figure also serves the goal of minimizing the cost of representation to the taxpayers. This change in the cap due to inflation does not exceed the percentage by which the market rate for attorneys' fees have increased since 1981.[19]

The determination that prevailing market rates since 1990 are over $100.00, and that the adjustment to the cap for inflation should be $100.00, means that an hourly rate of $100.00 is the maximum amount that can be awarded for the services rendered.[20] This rate is also reasonable in light of the education and experience indicated in the affidavit submitted by counsel for the plaintiff.[21] The number of hours submitted for compensation was 18.25 hours. Multiplying these hours times the hourly rate of $100.00 results in an attorney's fee award of $1,825.00.

In *Hall* the Fifth Circuit reiterated its call in *Baker* for a uniform determination of the appropriateness of an upward adjustment in the statutory cap based on an increase in the cost of living. *Hall,* 50 F.3d at 370; *Baker,* 839 F.2d at 1085. This court should adjust the statutory cap to $100.00, due to an increase in the cost of living since the 1981, for attorney's fee motions brought pursuant to the EAJA in this district.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412 be granted, and that the plaintiff be awarded attorney's fees in the amount of $1,825.00 and $120.00 in costs. It is further recommended that the $75.00 cap specified in 28 U.S.C. § 2412(d)(2)(A)(ii), be adjusted upward to $100.00 per hour based on the cost of living factor set forth in that provision, for attorney's fee motions brought pursuant to the EAJA in this district.

May 2, 1997.

---

19. *Baker,* 839 F.2d at 1084; *Hall,* 50 F.3d at 369. Courts routinely approve cost of living adjustments. *See, Meyer, supra; Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir.1990); *Sisk, supra,* at 128. The increase in the cap to an hourly rate of $100.00 is also consistent with recent cases where the courts have adjusted the cap upward in the $105.00 to $130.00 range using the CPI–U. *See, Taylor Group, Inc. v. Johnson,* 919 F.Supp. 1545 (M.D.Ala.1996); *Pettyjohn v. Chater,* 888 F.Supp. 1065 (D.Colo.1995); *U.S. v. Eleven Vehicles,* 937 F.Supp. 1143 (E.D.Pa.1996).

20. The attorney's services in this case were performed in 1993 and 1994. Under *Perales v. Casillas,* 950 F.2d 1066, 1076 (5th Cir.1992), any EAJA attorney's fee award based on the maximum hourly rate adjusted for cost of living must utilize historic rates. If current rates were applied it would be an impermissible award of interest against the United States. *Id.* The adjusted cap recommended here is $100.00 which does not track the cost of living index for each year services were provided, and is in fact less than the maximum that the $75.00 cap could be adjusted for the years 1993 and 1994. Therefore, no issue is raised on the question of historic versus current rates.

21. At the time the affidavit was submitted, counsel had 17 years of legal practice, and had focused on social security claims for the past six years.